### HAGMAYER v. FARLEY et al.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. PLEADING—DEMURRER.
    In an action to enforce a liability of the stockholders of a bank, the general rule applies that a demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever.

2. CORPORATIONS—LIABILITY OF STOCKHOLDERS—PLEADING.

    The provision of Stock Corporation Law, § 58, limiting the individual lia·
bility of stockholders to debts payable within two years, cannot be availed
of on demurrer to a complaint in an action against the stockholders, unless
facts clearly appear upon its face to bring it within the statute.

3. INSOLVENT BANK—LIABILITY OF STOCKHOLDERS.

    If a bank was, at a time when a given indebtedness came due, carrying on
its business under Laws 1892, c. 689, its stockholders would be subject to
the individual liability imposed by section 52, irrespective of the act under
which it may have been originally incorporated.

Appeal from special term.

Action by John E. Hagmayer, suing on his own behalf and for
such others as might join, against F. Cordelia Farley and others.
From an interlocutory judgment overruling a demurrer to the com-
plaint, defendant Farley appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

Charles T. Haviland, for appellant.

T. Tileston Wells, for respondent.

INGRAHAM, J.    The plaintiff, as a creditor of the Harlem River
Bank, a corporation organized and doing business under the laws of
this state, brings this action on behalf of himself and all other cred-
itors similarly situated, to recover from the defendants, as the stock-
holders of the bank, an amount equal to the par value of the capital
stock owned by the defendants respectively; and this appellant de-
murs to the complaint, on the ground that it does not state facts
sufficient to constitute a cause of action.    The complaint alleges that
the Harlem River Bank was a domestic corporation, duly organized
and carrying on business under and pursuant to the laws of the
state of New York relative to banks, and was a banking association
having its principal place of business in the city of New York, in said
state; that on the 2d day of May, 1894, the said Harlem River Bank,
having become insolvent, suspended its ordinary business, and an ac-
tion was brought by the people of the state of New York against the
said Harlem River Bank for a dissolution of the said corporation, in
which action a judgment was subsequently entered, dissolving the
corporation, and appointing the defendant David B. Sickles receiver
thereof, said Sickles having qualified as receiver and entered upon
the discharge of his duties; that the capital stock of the bank
amounted to $100,000, which was divided into 1,000 shares of $100
each; and that the said stock was held and owned by the several
defendants as follows (then follows a list of the several defendants).
This appellant was alleged to be the owner of 10 shares of such stock,
of the par value of $1,000.    The complaint further alleges that upon
the 25th day of May, 1891, and the 2d day of May, 1894, the plaintiff
delivered to and deposited with the said Harlem River Bank, and it
received into its possession. money belonging to him to the amount
of $26,133.28, upon the express promise and agreement of the said
Harlem River Bank to repay said money to the plaintiff on demand;
that the said bank at various times between said 25th day of May,
1891, and the 2d day of May, 1894, repaid to the plaintiff the sum

of $25,485.14, and on the 2d day of May, 1894, there remained with the said Harlem River Bank, of the aforesaid moneys of the plaintiff, the sum of $648.73; that on the 2d day of May, 1894, the plaintiff demanded of said bank this sum, and that said bank refused to pay, and that the said sum is now owing to the plaintiff, less 30 per centum of the said amount, which was paid to the plaintiff by the defendant David B. Sickles, as receiver as aforesaid, as a dividend derived from the assets of the said bank; that there were other depositors of the said Harlem River Bank to whom the bank owed money, to an amount exceeding $242,000, which sum, less 30 per centum, is now due the said depositors from the said corporation; that the assets of the corporation which have come into the hands of the receiver, David B. Sickles, are wholly inadequate for the payment in full of the liabilities of the said corporation, and that, after the application of the net proceeds of all of the assets towards the payment of said indebtedness, there will remain a deficiency upon the aggregate claims of the creditors of the said corporation, exceeding the sum of $100,000; that the plaintiff requested the receiver to commence this action against the stockholders of the bank, but the said receiver has refused to bring such action, whereupon he has been made a party defendant under leave of the court; and the plaintiff demands judgment against the defendant stockholders to the extent of the amount of the stock of the said bank, at the par value thereof, held and owned by said stockholders, respectively, for the adjustment of all liability on the part of the said stockholders, to contribute to the payment of all existing debts and engagements of said bank, or for the payment of the said fund to the defendant Sickles, as receiver, for distribution among the several creditors of said corporation, and for such other relief as may be just.

We agree with the counsel for the appellant in his statement of the rule that, in all actions to enforce a liability of stockholders, it is necessary for the plaintiff to allege all of the facts which show that the liability exists; but, in construing such a complaint upon demurrer, the same rule is applied as in other cases,—that a demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. "It is not sufficient that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegations therein by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred. * * * It is sufficient that the requisite allegations can be fairly gathered from all the averments in the complaint, though the statement of them may be argumentative, and the complaint deficient in technical language." Marie v. Garrison, 83 N. Y. 23. Keeping in mind these rules, we will consider the objections taken by the defendant to the complaint in the order in which they are presented to us.

The first objection is "that the complaint does not show when or under what law the Harlem River Bank was organized, nor when

the defendants became stockholders." The complaint does allege that, at various times thereafter referred to, the Harlem River Bank was a domestic corporation, duly organized and carrying on business under and pursuant to the laws of the state of New York relative to banks, and was a banking association, having its principal place of business at the city of New York, in said state. When this corporation was dissolved, and when the action was commenced, the law of this state in force relative to banks was chapter 689 of the Laws of 1892, being chapter 37 of the General Laws. Section 52 of that act provides that "the stockholders of every such corporation shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation to the extent of the amount of their stocks therein at the par value thereof, in addition to the amount invested in such shares." We think that a fair inference from this allegation of the complaint is that this defendant bank was carrying on business under and in pursuance of this law of the state of New York then in force relative to banks. Whether it had been incorporated under a general law existing prior to the passage of this act, or under a special act of the legislature, passed prior thereto, if it was actually, at the time the indebtedness of the plaintiff became due, carrying on its business under this act of the legislature, its stockholders would be liable as provided for in the act under which it was carrying on its business, irrespective of the act under which it was originally incorporated. The fact that it had received deposits prior to the time when the banking law was passed is not of itself sufficient to show that the stockholders were not liable under the provisions of the banking law under which it was engaged in carrying on business at the time when the liability to this plaintiff became fixed and determined.

The objection that the complaint does not state facts sufficient to constitute a cause of action must appear upon the face of the complaint; and when the banking law of the state, at the time of the commencement of the action, imposes this liability upon stockholders of every such corporation, namely, "all moneyed corporations authorized by law to issue bills, notes, or other evidences of debt for circulation as money, or to receive deposits of money and commercial paper, and to make loans thereon, and to discount bills, notes, or other commercial paper, and to buy and sell gold and silver bullion or foreign coins or bills of exchange" (Banking Law, § 2), such liability applies to each corporation organized for the purpose stated, and which is doing business under this law. The liability thus imposed is not a penalty upon an individual for a failure to do a particular act required by law, but is simply the restriction upon the exemption from liability which is allowed to those engaged in the banking business as stockholders of a bank. At common law, all persons engaged in such business would be responsible for all the debts of the business. By the law under which a corporation exists, the liability of the stockholders is limited, so that the stockholders are not liable for the debts of the corporation, the creditor being confined to his remedy against the corporation itself, or a limited liability may be imposed, by which the corporation remains liable, and the stockhold-

ers liable only for a limited amount or upon specified conditions. Here the law imposes upon stockholders a liability not unlimited but limited to an amount equal to the par value of the stock owned by each individual stockholder; and a person who is a stockholder of a corporation existing or acting under an act imposing this liability becomes clearly subject to such liability, and the allegation that the corporation is doing business under this law is sufficient to make out a prima facie case against each stockholder. If this allegation of the complaint is untrue, and the corporation was organized and operated under an act which imposes a different liability from that alleged in the complaint, it is for the defendant to show that by his answer. That objection is not one that appears upon the face of the complaint. The question argued, therefore, by the counsel for the defendant as to the liability of this defendant under the statute as it existed prior to the adoption of the general banking law in 1892, and under the provisions of the constitution, is not presented upon this demurrer. In the case of Close v. Noye, 147 N. Y. 600, 41 N. E. 570, relied on by the defendants, the question was presented upon the trial of the action, and it was there alleged and proved that the corporation of which the defendant was a stockholder was organized and did business under the act of 1848, as amended by chapter 333 of the Laws of 1853, and that the stock corporation law of 1890 did not apply.

Nor do we think that the objection taken by the defendant that "it is not shown when the deposits were made" brings the action within section 58 of the stock corporation law, which provides that "no stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due." The allegation of the indebtedness of the bank to the plaintiff is that between May 25, 1891, and May 2, 1894, the plaintiff delivered to and deposited with the bank money amounting in the aggregate to upward of $26,000; that the said bank, at various times between the 25th of May, 1891, and the 2d of May, 1894, repaid to the plaintiff a sum of $25,000; and that there remained with the said bank, of the aforesaid moneys of the plaintiff, the sum of $648.73, the payment of which was demanded on said 2d day of May, 1894. The relation between a bank and its depositors is well settled. The bank becomes the debtor of a depositor, but the amount is payable upon the demand of the depositor. It becomes due when the depositor makes a demand for its payment. The essence of the contract between a bank and its depositor is that the bank shall retain the money until the depositor demands its repayment. The fact that an account existed for a number of years, during which time there had been deposits and drafts made by the depositor, would not bring an amount due at any particular time within the protection of a statute of limitation until after a demand had been made upon the bank for its payment, or some act of the bank which plainly repudiated its obligation to the depositor. Upon this allegation of the complaint, the amount first became due to the depositor on May 2, 1894. This provision of

the statute cited is in the nature of a statute of limitations, and, unless facts clearly appear upon the face of the complaint which bring the claim within this provision, the objection cannot be taken advantage of upon demurrer, but must be taken by answer.

The objection that "it does not appear that all of the stockholders have been made parties to this action" is also without merit. It is alleged that the stock of the Harlem River Bank was $100,000, which was divided into 1,000 shares of the par value of $100 each, and that, at the time of the commencement of the action and the rendition of the decree hereinbefore referred to, the said stock was held and owned, and is still held and owned, by the several defendants thereinafter named. That is a clear allegation that the whole 1,000 shares of stock, which was all the stock of the bank, were owned by the defendants in the action.

We also think that the allegation that the assets of the corporation are not sufficient to pay the debts of the bank is sufficient. The complaint alleges that, after the application of the net proceeds of all of said assets towards the payment of said indebtedness, there will remain a deficiency upon the aggregate claims of the creditors of the corporation, exceeding the sum of $100,000, the total amount of the capital stock of the bank.

I think, therefore, that the judgment appealed from is right, and should be affirmed, with costs, with leave to the defendant to withdraw demurrer, and to answer the complaint, upon payment of costs in the court below and in this court. All concur.