(36 Misc. Rep. 59.)

HAGMAYER et al. v. ALTEN et al.

(Supreme Court, Special Term, New York County. October, 1901.)

1. COURT OF COMMON PLEAS—JURISDICTION—INSOLVENT CORPORATION.

In 1894 (Const. art. 6, § 12) the superior city courts, of which the common pleas of the city and county of New York was one, continued with the jurisdiction then possessed, and such further civil and criminal jurisdiction as might be conferred by law. Code Civ. Proc. § 263, subd. 2, provided that the superior city courts should have jurisdiction of actions for causes specifically enumerated, as well as for any other cause of action arising within the city, or where defendant is a resident of that city, or where the summons is personally served on him therein. *Held*, that the court of common pleas of New York had jurisdiction to entertain an action to dissolve a state bank incorporated under Laws 1882, c. 409, where New York City was its principal place of business, and the summons was served there, and the cause of action arose therein.

2. SAME—ACTION TO DISSOLVE.

An action to dissolve an insolvent corporation is controlled by Code Civ. Proc. c. 15, tit. 2, art. 3, § 1785, and not by article 4, § 1798.

**3. Insolvent Bank—Liability of Stockholders.**

Though when a bank was organized there was no liability of stockholders for the debts of the corporation, if the bank did not issue notes, the legislature had power to enact a law rendering stockholders of such bank liable for debts thereafter incurred.

**4. Same.**

Under Banking Law 1892, § 52, all stockholders of state banks, whether issuing notes or not, and whether incorporated before or in business after the passage of that act, are liable for the debts of the bank, in addition to the amount invested therein by them, for an amount proportionate to the par value of their shares, except where the stock is held as collateral or in a representative capacity, or the debt was payable more than two years after it was contracted.

**5. Same.**

Laws 1882, c. 409, imposed upon stockholders of banks no personal liability for debts of a bank not issuing notes. Banking Law 1892, § 52, imposed a liability on stockholders of banks, whether incorporated before or in business after the passage of that act. This latter act repealed the act of 1882. Statutory Construction Law, § 31, declares that the repeal of a statute shall not affect any act done or right accruing or acquired prior to the time when such repeal takes effect. Section 1 provides that the statutory construction law shall apply to every statute, unless its general object, or the context of the language construed, or other provisions of law, indicates that a different meaning or application was intended from that required to be given by this chapter. *Held*, that as the banking law of 1892 shows an intent to make the stockholders of every bank personally liable for its debts, whether they became such before or after that law took effect, the stockholders of a bank organized prior to the law of 1892 were not exempt from personal liability.

Action by John E. Hagmayer and others, suing on their own behalf and on behalf of all other creditors of the Harlem River Bank of the City of New York, against John C. Alten and others. Judgment for plaintiffs.

Clarence Lexow, George M. Mackellar, and T. Tileston Wells, for plaintiffs.

Albert Ritchie, for defendants Toal and others.

George F. Langbein, for defendants Alten and 43 others.

Charles T. Haviland, for defendant Farley.

Walter F. Wood, for defendant Armour.

Ralph H. Raphael, for defendant Sedden.

J. H. Sutton, for defendant Ehret.

J. W. Smith and J. L. Shirley, for defendant Reeber.

William Arrowsmith, for defendants Travers and another.

Daniel P. Hays, for defendant Samuel Weil.

A. C. Anderson and S. Feuchtwanger, for defendant Therese Reinach.

Jacob Fromme, for defendants Burke and Duffel.

Peter P. Pope, for defendant Gill.

H. H. Baker, for defendant Voorhees.

James Kearney, for defendant Ditmar.

H. S. Bandler, for defendant Sickles, as receiver, etc.

Rose & Putzel, for defendant Bernheimer.

John A. Straley, for defendant La Forge.

L. M. Sonnenberg, for defendant executors, etc., of Dougherty.

Theron L. Carman, for defendant A. J. Richardson.

BISCHOFF, J. The stockholders proceeded against in this action were such of record on the books of the Harlem River Bank, a banking·institution organized in January, 1890, under the banking law of 1882 (chapter 409), which had its principal place for the transaction of business in the city of New York. In April, 1894, the bank, owing to its insolvency, was taken possession of by one of the examiners of the state banking department; and thereafter an action was brought by the attorney general, in behalf of the people, for the dissolution of the bank, and for the distribution of its assets among the creditors and stockholders thereof. That action was brought in the court of common pleas of the city and county of New York, and terminated in 1895 in final judgment whereby the dissolution of the bank was decreed. For a number of the defendants in the present action it is now urged that the court of common pleas was without jurisdiction of the subject-matter of the action above alluded to, and that, therefore, since the validity of the proceedings therein is fundamental to the present action, the latter must fail. Inquiry concerning the contention, however, leads to a conclusion at variance therewith. The constitution of the state of New York, as amended and in force when the common pleas action was brought (article 6, § 12), continued the superior city courts, of which the court of common pleas of the city and county of New York was one, with the jurisdiction then possessed by each unimpaired, and with "such further civil and criminal jurisdiction as may be conferred by law." At the same time it was provided by the Code of Civil Procedure (section 263, subd. 2) that the superior city courts should have jurisdiction of actions for the causes specifically enumerated, as well as "for any other cause, where the cause of action arose within the city; or where the defendant is a resident of that city; or where the summons is personally served upon the defendant therein." That these provisions obliterated every distinction between the supreme court and the superior city courts, except as to territorial extent, in respect to the exercise of general equity jurisdiction, was adjudged in Popfinger v. Yutte, 102 N. Y. 38, 6 N. E. 259; and in Van Pelt v. Spring Co., 13 Abb. Prac. (N. S.) 325, it was specifically ruled that the jurisdiction of the superior city courts, for the purposes of an action to enforce the dissolution of a corporation, was coextensive with that of the supreme court. Having its principal place of business there, the Harlem River Bank, for purposes of jurisdiction, at least, must be deemed to have been a resident of the city of New York. 4 Am. & Eng. Enc. Law (1st Ed.) 206; 21 Am. & Eng. Enc. Law (1st Ed.) 123; 6 Thomp. Corp. §§ 7424, 7998. It was served with the summons in the common pleas action in the same city, and the cause of action arose there. Every constituent authority in the court of common pleas to entertain and determine the action is therefore apparent.

Numerous other objections to the validity of the proceedings in the common pleas action are urged for the same defendants, but it seems needless to notice them in detail. They are severally traceable to counsel's error in the application of the provisions of the Code of Civil Procedure which obtain in actions seeking to enforce

the forfeiture or annulment of the charter or franchise of a corporation for certain specified offenses (chapter 15, tit. 2, art. 4, § 1798), while those which control actions brought to dissolve a corporation which has become insolvent or discontinued its business are to be looked for elsewhere (chapter 15, tit. 2, art. 3, § 1785).

It was optional for banks organized under the banking law of 1882 to deposit the security prescribed, and thus to become vested with authority to issue and circulate notes. Section 70. The defendant stockholders of the Harlem River Bank therefore acquired their stock at a time when no liability of stockholders for the debts of a corporation had application to them; the liability of this nature being imposed only in cases of banks actually engaged in issuing notes (section 125), by which provision the Harlem River Bank was not affected. No such liability existed independently of constitutional or statutory declaration. 3 Thomp. Corp. § 2925. The banking law of 1892 (chapter 689), however, purports to impose liability for the debts of a banking corporation upon its stockholders generally (section 52) to the extent of their respective shares; and since the former law was repealed by the later one the effect of section 52 of the banking law of 1892, if standing alone, would be to impose a liability which did not exist as to these defendants under the law repealed. The competency of the legislature, under the powers reserved to it, to so ordain as to debts of the corporation thereafter incurred, has been repeatedly upheld, and was affirmed with respect to the banking law of 1892 in Barnes v. Arnold, 45 App. Div. 314, 61 N. Y. Supp. 85, upon abundant authority. The reasoning of these adjudications applies with equal force whether exemption from liability existed when the stock was acquired, owing to legislative refrainment from imposing it, or because of express enactment to that effect. In either case the contract by which the stock is acquired must be controlled by the law then extant. The holder must be deemed to have had knowledge of it, and to have assented to the legislature's exercise of its authority. In neither case, therefore, can the exemption from liability be said to be a right accruing or accrued, or the future imposition of liability be said to impair the obligation of a contract.

But, it is asserted for the stockholder defendants, section 52 of the banking law of 1892 must be read in connection with section 31 of the statutory construction law of the same year (chapter 677), which must be treated as a part of all general legislation (section 1), and provides as follows:

"The repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired * * * prior to the time such repeal takes effect, but the same may be asserted * * * as fully and to the same extent as if such repeal had not been effected."

And therefrom the conclusion is urged that, inasmuch as the acquisition of stock prior to the time when the banking law of 1892 took effect was an act done, it was the intention of the legislature to impose the liability upon stockholders only who became such after that time. This plainly eliminates from consideration an important and material provision of the statutory construction law as embodied

in and made part of section 1, already alluded to, and hereinafter quoted. In support of their attitude the stockholder defendants refer to Close v. Noye, 147 N. Y. 597, 41 N. E. 570, where it was held that a saving clause similar to the provisions of section 31 of the statutory construction law, as quoted above, operated to protect a stockholder who had acquired his stock when liability for the debts of the corporation did not exist. The case is, however, readily distinguishable from the one at bar, and by no means controlling of the latter. Close v. Noye involved the question of a stockholder's liability under the provisions of the stock corporation law of 1890 (chapter 564), of which the saving clause there considered was a part (section 71). It appeared that the corporation was organized under the provisions of the manufacturing act of 1848 (chapter 40), section 10 whereof had imposed a liability for the debts of a corporation upon the stockholders thereof generally. By an act passed in 1853 (chapter 333) the act of 1848 was amended, and holders of stock issued to them in payment for property were expressly exempted from such liability. It was while this amendatory act was in force that the defendant transferred certain property to the corporation, and received his stock in payment. Thereafter the stock corporation law repealed the acts of 1848 and 1853, and reimposed liability for the debts of the corporation upon the stockholders thereof generally. A mere perusal of the opinion of the court is convincing that its decision holding the defendant exempt from liability proceeded wholly from its construction of the provisions of the stock corporation law with reference to the intention of the legislature as it was to be ascertained from the context of the act only, applying the familiar rule which obtains in the interpretation of statutes,— that, where the language used is unambiguous and has a definite meaning, resort to extraneous aids for the purpose of clothing it with a wider or different meaning is not permissible. Suth. St. Const. §§ 234, 236; Black, Interp. Laws, § 85; Johnson v. Railroad Co., 49 N. Y. 455. Obviously, therefore, that case is not a precedent for the present one.

Section 1 of the statutory construction law provides for its application to every statute "unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter." We are remitted, therefore, to the banking law of 1892 for scrutiny to ascertain whether or not it was the intention of the legislature to impose liability for the debts of a banking corporation upon all the stockholders thereof, and irrespective of whether they, or any of them, became such before or after the time when the law took effect. That such was the intention of the legislature, and the object and design of the law, seems unmistakable from the language of its provisions, when read in the light of the conditions surrounding its enactment; and, that being so, section 31 of the statutory construction law, as limited in its effect by section 1 of the same law, does not operate to exempt any stockholder, or class of stockholders, from the liability imposed by section 52 of the banking law under review. The banking law of

1892 was enacted as reported to the legislature by the statutory revision commissioners in 1891, and the conditions which called for its enactment were alluded to in the report as follows:

"The liability of stockholders has been made to conform to the provisions of the national banking law. Under the present law there is practically no liability. By section 125 of the act of 1882 the stockholders of any banking corporation 'issuing bank notes or any kind of paper credit to circulate as money' were made responsible for the debts of the corporation to an amount equal to their shares of stock, which is substantially the measure of the liability of a stockholder under the national currency act (section 5151). This statute was originally enacted at a time when nearly every state bank was a bank of issue, but, when state banks ceased to issue circulating notes because of the oppressive federal tax upon their circulation, it resulted in an exemption of the stockholders of the bank from liability for its debts. Such a result evidently was not intended, and it has appeared to the commissioners desirable that the original vigor of the law should be restored in this respect, and that the stockholders in all the banking institutions of the state should be subject to the same degree of liability." Report of Statutory Revision Committee 1890, p. 332.

The legislation recommended by the commissioners was made to correspond strictly to this expressed design. Section 1 thereof is as follows:

"This chapter shall be known as the banking law, and shall be applicable to all corporations and individuals specified in the next section."

Section 2:

"The term bank, when used in this chapter, means any monied corporation authorized by law to issue bills, notes or other evidences of debt for circulation as money, or to receive deposits of money and commercial paper and to make loans thereon, and to discount bills, notes or other commercial paper, and to buy and sell gold and silver bullion or foreign coins or bills of exchange."

And section 52:

"Except as prescribed in the stock corporation law, the stockholders of every such corporation shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares."

The exception alluded to in this last section is contained in sections 54 and 55 of the stock corporation law, and has reference only to persons holding stock as collateral security or in a representative capacity, and to debts of the corporation not payable within two years from the time they are contracted. Thus the provisions of the banking law of 1892 apply to every banking corporation or institution continuing in business after the enactment of the law, which concededly was the case with the Harlem River Bank, and to the whole body of the stockholders of each. Hagmayer v. Farley, 23 App. Div. 426, 48 N. Y. Supp. 336. No exception is therein made in favor of any stockholder or class of stockholders, except as provided in the stock corporation law in the instances stated. Any claim, therefore, that stockholders who became such prior to the passage of the act, or the time when it became effective, remained exempt from liability for the future debts of the bank, would lead to the anomalous condition that some of the stockholders may share in the profits of the bank without incurring the risk of liability for its

debts, while others can only do so by assuming the entire burden; and some banks would afford additional security for their debts in the liability of their respective stockholders, and the creditors of other banks would be limited for their security to the assets thereof,—a condition which it was the clear design of the legislature to avoid, if the spirit of the law and the expressed avowal of its framers and makers be taken into consideration.

Other objections for various defendants are discussed in the briefs of counsel, but in every instance they appear, upon investigation, to be equally untenable with those noticed at length because of their greater importance. My conclusion is, therefore, that the defendant stockholders have no escape from liability, and that there must be judgment for the plaintiffs. A formal decision may be submitte·' for my signature, with the judgment, upon notice of settlement. Judgment should be in form as provided in Barnes v. Arnold, 23 Misc. Rep. 197, 210, 51 N. Y. Supp. 1109.

Judgment for plaintiffs.