(77 App. Div. 203.)

WORTHINGTON v. GRIESSER et al

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. CORPORATIONS—PRETENDING TO BE OFFICERS OF A PRETENDED CORPORATION—STATUTORY LIABILITY—PLEADING.

A complaint alleging that at all the times mentioned therein it was the law of Illinois that when persons, being or pretending to be officers of a corporation organized or pretended to be organized under the laws of that state, assume to exercise corporate powers without first filing a certificate of complete organization on behalf of such corporation or pretended corporation, they are liable for all debts contracted in the name of such corporation or pretended corporation; that at all the times mentioned defendants pretended to be officers of a pretended corporation organized under the laws of Illinois, and assumed to exercise corporate

powers, and to use the name of said pretended corporation, without the filing of the required certificate; and that at a certain time defendants, so assuming and pretending as aforesaid, purchased from plaintiff, in the name of said pretended corporation, goods of a certain value, which sum they promised to pay to plaintiff,—is sufficient to show liability under the statute, without stating when the statute was adopted, no corporation having been organized, but defendants having pretended to be officers of a corporation having no legal existence.

2. SAME—LIABILITY AS PARTNERS.
    Persons who, pretending to be officers of a pretended corporation, purchase goods in its name and on its behalf, promising to pay therefor, are liable therefor as partners at common law.

3. SAME—LIABILITY OF OFFICERS—LAW OF ANOTHER STATE—ENFORCEMENT.
    Liability of persons under the law of another state for debts contracted by them in the name of a pretended corporation, they pretending to be officers thereof, will be enforced, the obligation being contractual.

Appeal from trial term, New York county.

Action by Henry R. Worthington against Wilhelm Griesser and others. From a judgment dismissing the complaint at the opening of the trial on the ground that it did not state facts sufficient to constitute a cause of action, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Laurence Arnold Tanzer, for appellant.
Emanuel J. Myers, for respondents.

HATCH, J. The complaint avers, among other things:

"That it was at all the times hereinafter mentioned, and still is, the law of the state of Illinois, that whenever any person or persons, being or pretending to be officers or agents or directors of any stock corporation organized or pretended to be organized under the laws of the state of Illinois, assume to exercise corporate powers, or use the name of any such corporation or pretended corporation, without first filing or causing to be filed on behalf of such corporation or pretended corporation, in the office of the recorder of deeds of the county where the principal office of such corporation or pretended corporation is located, a certificate of the complete organization of the said corporation, issued by the secretary of state of the state of Illinois, such persons are jointly and severally liable for all debts and liabilities made or contracted by them in the name of such corporation or pretended corporation; and that such liability may be enforced against such persons in an action at law, brought against them, or any of them, in any court of competent jurisdiction, by any person with whom such debt shall have been contracted."

That at all the times in the said complaint mentioned the defendants pretended to be officers and agents and directors of a pretended stock corporation organized under the laws of the state of Illinois, and that they did assume to exercise corporate powers, and to use the name of the said pretended corporation, without having filed or caused to be filed on behalf of the said corporation a certificate required by law to be filed in the office of the recorder of deeds in the county wherein the principal office of such company was located. That between the 20th day of December, 1898, and the 19th day of January, 1899, the defendants, "so assuming and pretending as aforesaid," did purchase from the plaintiff, in the name and on the alleged behalf of said pretended corporation, certain goods, wares, and merchandise of the value in

all of the sum of $752, which said sum defendants promised to pay to plaintiff, and upon which there is still due and owing to the plaintiff the sum of $678.21. The complaint further avers for a second cause of action a liability based upon the facts alleged in the first cause of action upon a certain draft or bill of exchange, which the complaint avers was drawn by the defendant Griesser, acting for and on behalf of said pretended corporation, and for the defendants, wherein and whereby the said defendants and the said Griesser directed the payees therein to pay to the plaintiff the sum of $678.21; that said draft or bill of exchange was duly presented to the payees named therein, but that neither the said defendants, nor the said pretended corporation, nor the defendant Griesser had in the hands of the payees funds sufficient for the payment of the same, and payment was thereupon refused, of all of which the defendants received due notice, and for which sum plaintiff demands judgment.

The ground of the decision of the learned court below rested upon the fact that the complaint did not aver the time when the statute was adopted creating the liability against the defendants, or when the corporation of which the defendants pretended to be officers was organized; that it did not appear that the statute, as set forth in the complaint, was retroactive, or that it applied to any corporation duly organized before its enactment; that it was essential to aver in the complaint that such statute applied to a corporation theretofore organized or thereafter organized, and that in either event it was necessary that the complaint should contain averments showing that the pretended corporation was embraced within and subject to the terms and provisions of the act. It is evident that the learned court below regarded the effect of the averments of the complaint as relating to an organized and existing corporation, and, if it be so treated, his reasoning resulting in the dismissal of the complaint may perhaps be upheld; but the difficulty with the conclusion is that by the express averments of the complaint it appears that no corporation was ever in fact organized, but that the defendants pretended to be officers of a corporation having no legal existence. The law, therefore, if it be as stated in the complaint, would necessarily apply to these defendants at the particular times when the indebtedness was incurred, for the reason that its averments are that such was the law when these defendants pretended to be officers of a corporation. The act itself applies to the pretense, and creates a liability based thereon. If the corporation in fact, as the complaint alleges, is a mere pretense, it was a continuing one, and the liability which the act sought to create was based upon such claim; consequently, it would find application whenever the pretended claim was asserted, so long as there existed no legal incorporation, and, in order to establish liability, it was only necessary to show that such law was in force at the time when the liability was created, and that the pretense that there was an existing corporation was made at the time the transaction was had resulting in the creation of the liability. Such are the averments of the complaint in plain and unmistakable language. The case of Barnes v. Wheaton, 80 Hun, 8, 29 N. Y. Supp. 830, relied upon by the learned trial court, has no application to such a case. Therein the corporation had been formed,

and the liability which was sought to be established was against the stockholders of such corporation. The law which imposed liability was the provisions of the statute of a sister state, and, as there was an actual corporation in existence, the liability of the stockholders therein depended upon the application of the law to them. Under such circumstances the court held that it was essential to the statement of a cause of action that it be made to appear that the stockholders were brought within the terms and provisions of the statute, and that a mere general averment of the existence of such law was not sufficient for the purpose. Herein no such question arises. This is not an action which seeks to impose liability upon these defendants as stockholders of any corporation. The liability is sought to be imposed for the reason that the defendants were pretending to be something which they were not, in contravention of a statute which fastened liability upon them for such acts; and the sufficiency of the averments for such purpose is clear. Hagmayer v. Farley, 23 App. Div. 426, 48 N. Y. Supp. 336.

The further ground upon which the court held the complaint insufficient was based upon the view that the statute was penal in character, and therefore to be strictly construed; that, as it attempted to impose upon directors of a corporation a liability not arising out of contract, or known to the common law, it could not be supported, as the courts of this state would not enforce such a liability. The case relied upon to support this doctrine is that of Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654. Therein the liability sought to be established was against the stockholders of a corporation of a foreign state, which had become insolvent. The liability created by the statute was penal, and not contractual. Under such circumstances it was held that there was no obligation of comity to enforce the liability of the stockholders for the debts of the corporation. This case is quite different, and rests upon different principles of law. The liability sought to be established in this action, as appears by the complaint, is based purely upon contract. It is averred in terms that the liability was incurred for the purchase of certain goods which were sold and delivered to the defendants, and for which the draft, as heretofore stated, was drawn in payment. There is, therefore, not a single element in the case of a penal character. The law of the state of Illinois is, in substance and effect, a declaration of the common law of this state. The defendants pretended to be something which they were not, but they nevertheless contracted a liability in a joint undertaking, for which they agreed to pay. Thereby they charged themselves with a personal liability for the payment of the obligation created, and the statute declares such to be the legal result of their action. The obligation is therefore contractual, and the courts of this state will enforce the same in a proper action. Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541. Aside from this question, however, it seems to be clear that the facts as averred in the complaint are sufficient in all respects to charge the defendants with liability at common law. As there was no corporation in existence when they assumed to contract and the goods were sold and delivered to them, and they were

engaged in a joint venture, all of the elements existed to charge them with liability upon principles applicable to a copartnership. Such is the common law of this state. King v. Barnes, 109 N. Y. 267, 16 N. E. 332; Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091. In this view it was entirely immaterial whether the averments of the complaint were sufficient to bring the defendants within the terms of the statute or not, for liability is made to depend, not upon their acts as officers of a corporation, but as individuals engaged in a joint venture. In either event, we think the complaint states a good cause of action against these defendants. It was therefore error to dismiss it.

It follows that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.