PERRINE et al. v. LEVIN et al.

(Supreme Court, Appellate Term. June, 1910.)

1. CORPORATIONS (§ 28\*)—DE FACTO CORPORATION.

There is not a de facto corporation, where persons sign and execute a certificate of incorporation and file it with the county clerk, but not with the Secretary of State, as required by statute, and there is no actual user of any corporate powers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 26, 70; Dec. Dig. § 28.\*]

2. PARTNERSHIP (§ 41\*)—LIABILITY AS PARTNERS.

Persons are engaged in a joint venture, making them liable as partners, when their ineffectual efforts at incorporation are subsequent to their assuming to contract for purchase of goods, and to the sale and delivery thereof to them.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 56, 58, 59; Dec. Dig. § 41.\*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Joseph M. Perrine and others against Abraham Levin and others. From a judgment for certain defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

A. C. Streitwolf, for appellants.

Joseph Kleiner, for respondent Altschul.

GUY, J. This is an appeal from a judgment dismissing the complaint as to two of the defendants, who were sued as partners doing business under the name of the Spotswood Explosive Company. The dismissal was on the ground that the evidence established the fact that the Spotswood Explosive Company was a de facto corporation.

The action was brought to recover the value of building material sold and delivered by plaintiff to said company, and used by said company in the construction of five buildings upon land owned by Susan J. Altschul, located at Spotswood, N. J. On May 8, 1909, the defendant Brix wrote to plaintiffs that their estimates were laid before the company (the Spotswood Explosive Company) and accepted. The certificate of incorporation of said company was not signed and executed by defendants until May 12, 1909. On June 15, 1909 (after plaintiffs' goods had been delivered to the defendants), the certificate was filed with the county clerk of Middlesex county, N. J.; but the certificate was never filed with the Secretary of State, as required by the laws of New Jersey. In the latter part of June, after the delivery

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the goods in question, defendants were informed by counsel that they were not a legally incorporated body by reason of their failure to file a certificate with the Secretary of State; and there is no evidence that they took any further steps to perfect their incorporation. No stock of the corporation was ever issued. No meetings were ever held. No franchise tax was ever paid. No subscriptions were paid for stock; and the amount of cash capital provided for in the certificate, $1,000, to commence business with, was never paid in. The alleged minute book of the corporation consists of a printed form, with no signatures, no dates, no attestation by the secretary. No time was ever fixed for the holding of a first meeting of incorporators and the election of officers, and the enterprise for which the organization of the corporation was contemplated was subsequently abandoned. There was no actual user of any of the corporate powers.

The finding that the company was a de facto corporation is not, in my judgment, sustained by the evidence. It does not appear from the evidence that there was even a colorable attempt to comply with the provisions of the New Jersey law as to the incorporation of the company. In Stout v. Zulick, 48 N. J. Law, 601, 7 Atl. 363, the court pointed out what is necessary to constitute a de facto corporation under the laws of that state as follows:

"Where it is shown that there is a charter or a law under which a corporation with the powers assumed might lawfully be incorporated, and there is a colorable compliance with the requirements of the charter or law."

The same rule has been held by numerous authorities to be controlling in this state. In this case there was no corporation in existence. Even the ineffectual efforts which were made toward incorporation were subsequent to the dealings with the plaintiffs. As there was no corporation in existence when they assumed to contract with the plaintiffs, and when the goods were sold and delivered to them, they were engaged in a joint venture, rendering them liable as partners. See Worthington v. Griesser, 77 App. Div. 203, 79 N. Y. Supp. 52; King v. Barnes, 109 N. Y. 267, 16 N. E. 332; Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091; Imperial Shale Brick Co. v. Jewett et al., 169 N. Y. 143, 62 N. E. 167.

On page 397, 30 Cyc., the principle governing cases of this character is very clearly set forth as follows:

"Business associates, who have not attempted to become incorporated, are partners, if they are the common proprietors of a business carried on by them for profit, for the law knows no intermediate form of business organization between a corporation and a partnership."

This rule is followed in Wonderly v. Booth, 36 N. J. Law, 250.

For the reasons above stated, the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.