JOSEPH M. PERRINE et al., Appellants, *v.* ABRAHAM LEVIN
et al., Respondents.

(Supreme Court, Appellate Term, July, 1910.)

Corporations — De facto corporations and liabilities where proceedings to
incorporate were not effectual — De facto corporations; Liability as
partners.

Partnership — What constitutes — Incomplete or defective incorporation.

Where a certificate of incorporation was filed in the county clerk's
office of a certain county in the State of New Jersey but not in the
office of the Secretary of State as is required by the laws of New
Jersey in order to effect an incorporation, and there does not appear
to have been any actual user of corporate powers, the evidence is
insufficient upon which to base a finding of the existence of a
*de facto* corporation.

Where, in such a case, prior to the filing of the certificate of
incorporation, the members of the association purchased goods for
use in their common business, they are liable therefor as partners.

APPEAL by the plaintiffs from a judgment in favor of the
defendants, rendered in the Municipal Court of the city
of New York, eighth district, borough of Manhattan.

A. C. Streitwolf, for appellants.

Joseph Kleiner, for respondent Altschul.

GUY, J. This is an appeal from a judgment dismissing
the complaint as to two of the defendants who were sued as
partners doing business under the name of The Spotswood
Explosive Company. The dismissal was on the ground that
the evidence established the fact that The Spotswood Ex-
plosive Company was a *de facto* corporation. The action
was brought to recover the value of building material, sold
and delivered by plaintiffs to said company and used by
said company in the construction of five buildings upon land
owned by Susan J. Altschul, located at Spotswood, N. J.
On May 8, 1909, the defendant Brix wrote to plaintiffs
that their estimates were laid before the company (The

Spotswood Explosive Company) and accepted. The certificate of incorporation of said company was not signed and executed by defendants until May 12, 1909. On June 15, 1909 (after plaintiffs' goods had been delivered to the defendants), the certificate was filed with the county clerk of Middlesex county, N. J.; but the certificate was never filed with the Secretary of State, as required by the laws of New Jersey. In the latter part of June, after the delivery of the goods in question, defendants were informed by counsel that they were not a legally incorporated body, by reason of their failure to file a certificate with the Secretary of State; and there is no evidence that they took any further steps to perfect their incorporation. No stock of the corporation was ever issued; no meetings were ever held; no franchise tax was ever paid; no subscriptions were paid for stock; and the amount of cash capital provided for in the certificate, $1,000 to commence business with, was never paid in. The alleged minute book of the corporation consists of a printed form with no signatures, no dates, no attestation by the secretary. No time was ever fixed for the holding of a first meeting of incorporators and the election of officers, and the enterprise for which the organization of the corporation was contemplated was subsequently abandoned. There was no actual user of any of the corporate powers. The finding that the company was a *de facto* corporation is not, in my judgment, sustained by the evidence. It does not appear from the evidence that there was even a colorable attempt to comply with the provisions of the New Jersey law as to the incorporation of the company. In Stout v. Zulick, 48 N. J. 601, the court pointed out what is necessary to constitute a *de facto* corporation under the laws of that State, as follows: "Where it is shown that there is a charter or a law under which a corporation with the powers assumed might lawfully be incorporated, and there is a colorable compliance with the requirements of the charter or law." The same rule has been held by numerous authorities to be controlling in this State. In this case there was no corporation in existence. Even the ineffectual efforts which were made toward incorporation were sub-

sequent to the dealings with the plaintiffs. As there was no corporation in existence when they assumed to contract with the plaintiffs and when the goods were sold and delivered to them, they were engaged in a joint venture rendering them liable as partners. See Worthington v. Griesser, 77 App. Div. 203; King v. Barnes, 109 N. Y. 267; Wilcox v. Pratt, 125 id. 688; Imperial Shale Brick Co. v. Jewett, 169 id. 143.

On page 397, volume 30, Cyc., the principle governing cases of this character is very clearly set forth as follows: "Business associates who have not attempted to become incorporated are partners, if they are the common proprietors of a business carried on by them for profit, for the law knows no intermediate form of business organization between a corporation and a partnership." This rule is followed in Booth v. Wonderly, 36 N. J. Law, 250.

For the reasons above stated the judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

SEABURY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide event.