## TUCCILLO v. PITTELLI et al.

(Supreme Court, Appellate Term. February 9, 1911.)

1. PARTNERSHIP (§ 43*)—BUSINESS IN CORPORATE NAME—LIABILITY.

Where certain persons agreed to form a corporation to erect certain houses and share the profits, and in the name of such corporation, which was never organized, executed and breached a contract for the construction of certain foundations therefor, they were liable as partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 60; Dec. Dig. § 43.*]

2. PARTNERSHIP (§ 9*)—WHAT CONSTITUTES—COMPENSATION FOR SERVICES.

Where an attorney was to share in the profits of a proposed corporation in payment for his services as attorney, but the corporation was never organized, he was not a partner, nor liable as such, for the debts of the organizers.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Dominick Tuccillo against James A. Pittelli and others. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed as to all the defendants except Max S. Levine, and affirmed as to him.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Robert B. Knowles, for appellant.

Reiss & Reiss, for respondents Levine and Dumas.

HENDRICK, J. Appeal from a judgment of the Municipal Court in favor of all defendants. The action is for $500 damages for a breach of contract for building foundations, and for work, labor, and materials furnished thereunder. Plaintiff sues all of the defendants, seeking to hold them as partners engaged in a joint adventure, on the theory that they represented themselves as the James A. Pittelli Realty Company, a corporation, although never incorporated. Defendants Dumas and Levine appeared and entered a general denial. Defendant Pittelli did not answer or appear in the action, except as a witness called on behalf of plaintiff. Defendant Watson was not served and did not appear.

Plaintiff entered into a contract with the James A. Pittelli Realty Company for furnishing the material and labor for the construction of 10 foundations and chimneys for 10 houses. He was to receive the sum of $1,000 therefor. The contract was signed by plaintiff and "James A. Pittelli, Pres." There is no dispute that the plaintiff performed his part of the contract, that he rightfully abandoned the work after completing $600 worth, and was paid $100 on account therefor. The plaintiff, by a fair preponderance of the testimony, proved that the defendants had agreed to form a corporation to carry on the work of erecting 10 houses and share the profits of the adventure; that a certificate of incorporation was drawn and signed, but never filed, and that nothing further was done by defendants to complete the incorporation of the realty company; that defendants held themselves out

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as officers of the corporation and visited the property; that one of them gave instructions as the work progressed and ordered extra work. In Perrine v. Levin, 68 Misc. Rep. 327, 123 N. Y. Supp. 1007, the rule of law applicable to the facts in this case is clearly stated by Guy, J.:

"In this case there was no corporation in existence. Even the ineffectual efforts which were made toward incorporation were subsequent to the dealings with the plaintiffs. As there was no corporation in existence when they assumed the contract with the plaintiffs, and when the goods were sold and delivered to them, they were engaged in a joint venture, rendering them liable as partners." Cases cited.

The facts proved sufficient to show defendants to have been engaged in a joint venture, which, under ordinary circumstances, would make all of them liable as partners. The proof shows, however, that Levine was to share in the profits, if any, in payment for his services as attorney; and, under the authorities, where one is to receive a part of the profits of a business as compensation only for services rendered, he is not a partner. Richardson v. Hughitt, 76 N. Y., at page 58, 32 Am. Rep. 267, and cases cited.

The judgment as to defendant Levine should be affirmed, without costs; and as to the remaining defendants, judgment reversed, with costs, and judgment ordered against them for the amount claimed by plaintiff. All concur.