JESSE C. ROWAN and another, Respondents, *v.* THADDEUS HYATT, Appellant.

Where the defendant, owning a city lot, had authorized C., a broker, to receive and communicate to him proposals for the sale of it, and C. had assumed to sell the property to the plaintiff, and sign a binding contract of sale, — *Held,* that it was essential to the validity of any alleged ratification of such sale, by letters of the defendant to the plaintiff, that they must have been written with full knowledge on the part of the defendant not only of the contract the agent had made, but also substantially how it was made.

(Argued February 20; decided March 21, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court in the second district, affirming the judgment

for the plaintiff entered on the verdict of a jury at the Kings circuit.

This is an action brought to recover damages for the breach of a contract for the conveyance of real estate. The defendant was the owner of the property, and his brother transacted his business, under a full power of attorney. His brother left the property with Cornell, a broker. The defendant, at an interview with Cornell, refused to name a price for the property, but told the broker that, if he had an offer, to communicate with him. He subsequently wrote to Cornell, naming a price at an average of $400 per lot. He went to Europe shortly after the interview. Cornell entered into a contract, under seal, in Hyatt's name, with the plaintiffs, to sell them the whole property, at the rate of $400 per lot. Cornell wrote communicating this to the defendant, who never received the letter. He then saw one Case, who knew defendant's address, and several letters passed between Case and the defendant, by which the latter was apprised that the lots were sold, and of the price, but no mention was made of any contract or any binding obligation having been entered into. The letters of the defendant indicated that he was satisfied with the price named; but, when he finally learned that the broker had assumed to sign a contract for him, he at once repudiated the transaction. He had not before understood that a contract had been made.

The court denied two several motions for a nonsuit. The court charged the jury that Cornell had no original authority to make the contract, and that any binding force it might have came from some act on the part of the defendant, ratifying it. The court finally left it to the jury to decide, from the letters and evidence, whether the defendant, knowing that the sale had been made, and that the contract had been executed, assented to it, and thereby ratified it.

*Ambrose Monell,* for the appellant. The law never imposes a penalty on a party who, in ignorance of the real facts, acts in a manner consistent with his imperfect knowledge.

This is especially true where unauthorized acts of an agent are sought to be made obligatory on a principal, from his supposed subseqent ratification. (*Nixon* v. *Palmer*, 4 Seld., 401; *Seymour* v. *Wyckoff*, 6 Seld., 224; Story on Agency, § 243; *Owing* v. *Hull*, 9 Peters, 629; *Roach* v. *Coe*, 1 E. D. Smith, 175; *Billings* v. *Morrow*, 7 California, 171; *Dupont* v. *Wertheman*, 10 California, 354; *Matthews* v. *Hamilton*, 23 Ill., 470; *Brass* v. *Worth*, 40 Barb., 648; *Smith* v. *Tracy*, 36 N. Y., 86.) A broker is empowered not to treat, but to explain the intentions of both parties. (*Allan* v. *Aguira*, 5 N. Y. Leg. Obs., 380; see 3 Seld., 543; Russell on Factors, 4.) Parties are bound to know the extent of a broker's authority. (*Baring* v. *Corrie*, 2 B. & Ald., 148, 149; *Baxter* v. *Duren*, 29 Maine, 439; *Whitehouse* v. *Moore*, 13 Abb., 142; *Barnard* v. *Monnot*, 34 Barb., 93, 94.) A jury cannot pass upon a question of fact, on which there is no evidence. (*Evans* v. *Mengel*, 1 Tenn. State, 68; *Smithland* v. *Hallgate*, 8 Watts, 384, 385, 387; *S. C.*, 6 Watts, 73; *Hannay* v *Stewart*, 6 Watts, 487; *Storey* v. *Beeman*, 15 N. Y., 524.) It is a temptation and encouragement to the jury to err. (*Stouper* v. *Lotshaw*, 2 Watts, 165; *Moore* v. *Patterson*, 28 Penn. State, 513.)

*D. P. Barnard*, for the respondents, argued, to ratify an authorized act of an agent, it is sufficient, if the principal, with knowledge of what has been done by such agent, consents to be bound by it, and unequivocally manifests such intention to the other party. (*Keeler* v. *Salisbury*, 33 N. Y., 658.) A subsequent ratification by the principal of the previous unauthorized acts of an agent, or of one assuming to be such, is in all respects equivalent to an original authority. (*Com. Bank of Buffalo* v. *Warren*, 15 N. Y., 577.) Paying commissions to a broker, is strong evidence of ratification, as also of original authority to make the sale.

Peckham, J. After a careful examination of the testimony, I am unable to find any evidence that the defendant ever made

this alleged contract to sell; that he ever gave any authority to the broker to sell; or that he assented to or ratified the sale after he knew it was made. It is not pretended that there is any oral evidence that he gave such assent; nor is it pretended that he gave to the broker, Cornell, any power to sell, or to make a contract of sale. He only authorized him to receive proposals, and communicate them. The question then, is reduced to the letters of the defendant, introduced by the plaintiff.

The letters do not show that he was aware, until the last of the correspondence, that the broker had assumed to do more than he was authorized, or certainly not that he had assumed, in writing, to sell, and to sign Hyatt's name to a contract of sale; the purchaser also signing the same. As soon as a copy of the contract is sent to him, he repudiates it. Until about that time, Hyatt evidently supposed that the alleged purchaser was not bound by what had been done; that he might consummate the proposed purchase, or not, as his interest might dictate. In view of the facts before stated, there is not evidence in the letters (prior to the last one, of the 14th of December), that Hyatt, with knowledge of a written contract, signed by the broker in Hyatt's name, or by the purchaser, had ratified or sanctioned it. It is essential that a party should know what contract has been made, and, in a case of this sort, substantially how it was made, before his statement or letter can ratify or affirm it.

The correspondence in this case, prior to the last letter, in my opinion does not show such knowledge; therefore, the trial court erred in refusing to nonsuit. Judgment reversed, and new trial granted; costs to abide the event.

All concur, except FOLGER and ANDREWS, JJ., not voting.

Judgment reversed; new trial granted.