GRANT D. TAYLOR, Respondent, *v.* P. ELBERT NOSTRAND, Appellant.

One dealing with an agent, without knowledge of limitations upon his authority, has the right to rely upon his representations as to the extent thereof; and if he contracts with the agent, relying upon his representations, and it appears that the latter exceeded his authority, and that the principal repudiated his acts, the agent is liable to the person so dealing with him for the damages sustained.

*It seems* the liability of the agent is based not on the ground that the contract is his own, but on the ground that he warrants his authority, and so, his liability is not necessarily measured by the contract, but embraces all injuries resulting from his want of power.

(Submitted April 28, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 8, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover for services rendered by plaintiff in securing contracts for the purchase of real estate.

The facts, so far as material, are stated in the opinion.

*W. S. Andrews* for appellant.

*Grant B. Taylor* for respondent.

PARKER, J. The judgment under review awards to the plaintiff $754.71 for services rendered and disbursements incurred in procuring contracts for the purchase and sale of several parcels of real estate in the town of Highlands, Orange county, N. Y.

The value of the services rendered was not disputed, nor was the amount of the expenses incurred questioned, the defendant's contention being that the Ramapo Water Company is plaintiff's debtor and not the defendant.

The plaintiff's position is that the defendant, while acting as agent for the Ramapo Water Company, in the directions which he gave to the plaintiff so far exceeded his authority as to relieve such company from all liability to the plaintiff for the services rendered, and by reason thereof the defendant became chargeable with the responsibility of saving the plaintiff from loss.

It is, of course, well settled that an agent who exceeds his authority in dealing with a third party may, through some form of action, be compelled to respond therefor. (*Sumner v. Williams*, 8 Mass. 178; *East India Co. v. Hensley*, 1 Esp. 112; *Jones v. Downman*, 4 Ad. & Ell. [N. S.] 237; *Meech v. Smith*, 7 Wend. 315; *Feeter v. Heath*, 11 id. 477; *White v. Skinner*, 13 Johns. 307; *Baltzen v. Nicolay*, 53 N. Y. 467; Paley on Agency, 386; Story on Agency, § 264.) No question has been made as to the form of the action at any stage of the controversy, and its consideration is not required.

In a carefully considered opinion by Judge SELDEN in *White v. Madison* (26 N. Y. 117), the conclusion was reached that the liability of the agent rests on the ground that he warrants his authority, not that the contract is to be deemed his own; and on the question of damages it was held that the agent's liability is not necessarily measured by the contract, but embraces all injury resulting from his want of power, which was held to include the costs of an unsuccessful action against the alleged principal.

Before referring to the facts which the plaintiff insists bring this case within the rule to which we have alluded, it may be proper to observe that the respondent also insists that the judgment should be affirmed on the ground that the incorporation of the Ramapo Water Company has not been duly proven, but as we have concluded that the judgment should be affirmed on the ground already suggested, that question need not be passed upon, and the case will be considered as if the incorporation were properly established.

Pursuant to a resolution adopted by the trustees of the Ramapo Water Company, an authorization for the defendant to act as agent for the company in making certain contracts in the form following, was made out and delivered to the defendant:

"NEW YORK, *Jany.* 15, 1889.

"Mr. P. Elbert Nostrand, of Brooklyn, N. Y., is hereby appointed agent of the Ramapo Water Company, for the purpose of making contracts on property on Stony Brook, in Orange and Rockland counties, necessary for our purpose, in accordance with printed contracts furnished by the company.

"GEO. A. EVANS, *Pres.*"

About the date of such authorization the defendant wrote the plaintiff asking him to call and see defendant about "our water matters." It appears that about a year before such writing the plaintiff had rendered professional services to the company, in the course of which he met the defendant and learned that he was connected with it as an officer or employe.

Such services resulted in the purchase of a tract of land for the alleged use of the company, but the title was taken in the name of this defendant, whose personal check was given to the plaintiff for his compensation.

In compliance with the request contained in defendant's letter, the plaintiff called at the place designated, where he met defendant and one C. A. Lamont, who was also officially connected with the Ramapo Water Company.

At that interview he was informed that his services were desired in procuring contracts for the purchase and sale of certain lands in Orange county. He accepted the employment, and, pursuant to the direction of defendant and Lamont, he performed all the work required of him, and in the manner designated by them.

Subsequently he asked the defendant to whom his bill should be rendered, and was directed to present it to the Ramapo Water Company, which he did about the 1st of March, 1889, but the company neglected to pay the bill, or take any action indicating an intention to pay it. This action was then commenced against the defendant, the plaintiff asserting that an action would not lie against the Ramapo Water Company, because the contracts were not taken in the manner authorized by the company.

The authority for Nostrand to act declares that he is appointed an agent of the company "for the purpose of making contracts on property"—"necessary for our purposes, in accordance with the printed contracts furnished by the company."

The blank contracts referred to in the resolution of the trustees do not appear in the record before us, but the referee has found that they provide "for a bi-lateral agreement for a sale to and purchase by said company of real estate, and for the signing and sealing of the instrument by all the parties thereto; and contain a clause fixing and liquidating the damages to be paid by the party of the second part (the company), in case it failed to fulfill the contract."

The defendant, however, did not so instruct the plaintiff.

On the contrary, he directed him to take all contracts in the name of " William S. Andrews, trustee ; " authorized him to leave out of several of them the clause relating to liquidated damages, and to omit from all, but one, the signature and seal of the party of the second part.

These facts appearing, the defendant became burdened with the necessity of showing either an express authority on the part of the company to change the form of the contracts provided for in the resolution, permitting them to be taken in the name of " William S. Andrews, trustee," or its subsequent ratification of the acts of defendant in such respect.

This he failed to do. He claimed to have been authorized by Lamont, the " general agent and manager " of the Ramapo Water Company. And Lamont asserted the right to direct the change, but no resolution or official action by the trustees in any form was presented purporting to confer upon him any such authority. On the contrary, Lamont testified that " the taking of the contracts in the name of William S. Andrews, trustee or individually, was never authorized by the Ramapo Water Company in any way except by myself, the fully authorized agent of the Ramapo Water Company."

In the absence of evidence of official action by the board of trustees conferring upon him any authority whatever, it will not be assumed from his mere assertion that he was " the fully authorized agent " of the company ; that upon him had been conferred the authority to set at naught the directions contained in resolutions formally adopted by the trustees.

While it is true, as claimed by appellant, that when an agent in the attempted execution of a power conferred, exceeds his authority, ratification will be implied from slight acts of confirmation, the difficulty which now confronts him is that the burden of showing ratification rested on him. That burden he failed to meet, the referee finding that there is no proof that the contracts were ever submitted to or approved of by the Ramapo Water Company, and that no proof was given to connect Andrews in any way with the Ramapo Water Company, or to show authority for the use of his name in making the contracts.

The facts, so far considered, lead to the conclusion that the Ramapo Water Company could not be compelled to pay for the services rendered by the plaintiff in procuring contracts in the name of "William S. Andrews, trustee," and we are now to consider whether the appointment of the plaintiff by the Ramapo Water Company, to make contracts for the purchase of lands, operated to relieve the defendant from the claim now made against him for damages resulting from his misdirection of the plaintiff. The appellant contends that being empowered directly by the company to act for it he chose to obey the instructions of the defendant rather than the company, and must, therefore, bear the consequences resulting from acts done in excess of authority conferred by it.

If it were the fact that the plaintiff and defendant had equal authority in the premises, and each so understood it, and if plaintiff chose to follow the advice of the defendant, the appellant's position would be well taken. Such was not the situation of the parties, however. Nearly a year prior to January, 1889, the plaintiff had rendered services for the company, which resulted in the taking of a deed for certain lands in the name of the defendant, and they were subsequently paid for by his check.

These facts led the plaintiff to place reliance upon the defendant's assertion of authority to represent the company in the taking of contracts for the purchase of lands, and as we have already observed, the defendant did in fact have authority within the limits prescribed.

It does not appear that the defendant showed to the plaintiff the resolutions of the board of trustees, or the writing appointing the defendant as agent, so the plaintiff cannot be charged with knowledge of the limitations surrounding his agency, and in that respect, therefore, he could rely as he did, as against the defendant, on his representations as to the extent of his authority to act for the company.

It seems that the Ramapo Water Company had, by resolution, appointed the plaintiff an agent to make contracts covering a portion of the territory embraced in the appointment of

defendant, and the defendant insists that at the first interview with the plaintiff, he showed him the resolutions together with the written appointment.    While Lamont differs with him as to what took place, his testimony to a certain extent supports the defendant's contention.    The plaintiff, on the other hand, positively contradicts such testimony, asserting that he never knew of the resolution, or saw the alleged written appointment until the trial.    That at the first interview Nostrand opened a drawer and took out a paper, at the same time saying to Lamont, "Shall I give Mr. Taylor an authority to act as our agent?"    And Lamont said, "No; don't do that now; we may want to form another company," and Nostrand then put the paper back.

One Houston, who was also directed by the defendant to do similar work, and whose employment the company had authorized by a resolution and written appointment, substantially like that of the plaintiff, also testified that the resolution and writing were not shown him by the defendant, who testified to the contrary.

This testimony is referred to in order that the scope of the finding of the referee touching that subject may be properly estimated.    He does not find that plaintiff saw, at the first interview, or ever saw, the minutes of the trustees or the written appointment, but that the substance of the resolution was made known to him.    His reliance, therefore, was not placed on the resolution, which it does not appear he ever saw, but on defendant's statement of the substance of it, who then and afterwards asserted the right to give plaintiff directions as to what he should do, and to supervise his work in every detail.

It cannot be inferred from that finding, nor from the evidence which the record presents, that the plaintiff understood, or that defendant intended that he should understand, that he was to be guided by a resolution of the board of trustees in making contracts, but rather that he was to follow the instructions of the defendant, who was apparently responsible for his appointment, and who assumed and asserted the right to deter-

mine what property should be contracted for; how much should be paid for it, and to supervise, generally, every step taken.

The views expressed lead to the conclusion that the judgment rendered was required by the facts found.

The judgment should be affirmed.

All concur.

Judgment affirmed.