(121 App. Div. 459.)

### ROWLAND v. HALL et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. TRIAL—RECEPTION OF EVIDENCE—CONCEDED FACTS.

In an action to recover damages on defendant's warranty of authority to sell certain land where it was conceded that he was employed as a broker by one of the owners of the land, the court properly excluded letters to defendant from this owner offered simply to show that fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 89.]

2. BROKERS—EMPLOYMENT—AUTHORITY.

The mere employment of a broker as such only authorizes him to act as an intermediary to bring the parties together, and does not authorize him to make a contract of sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 13.]

**3. PRINCIPAL AND AGENT—LIABILITIES AS TO THIRD PERSONS—LIABILITIES OF AGENT.**

Where an agent employed to sell land contracted to sell it in the name of an executor who had no existence, the owners of the property were not bound, and hence the agent was himself bound.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 486.]

**4. BROKERS—LIABILITIES TO THIRD PERSONS—SALES—WARRANTY OF AUTHORITY.**

Where a broker employed by the owners of land to effect a sale thereof, pretending to act for a principal, made a contract to sell the land to plaintiff's assignor, which was not binding on the owners, and plaintiff's assignor paid $200 on the contract, plaintiff can recover in an action for damages on the broker's warranty of authority as agent to sell.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 138.]

**5. SAME—ACTIONS AGAINST BROKERS—DAMAGES.**

Where plaintiff, when she sued to compel specific performance of a contract to convey land, made by defendant with her assignor, knew who owned the property at the time the defendant undertook to contract for its conveyance, and that the contract was worthless, she cannot recover the costs incurred in that action in an action on defendant's warranty of authority as agent to sell.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Harriet M. Rowland against Jonathan Hall, impleaded with another, to recover damages on defendant's warranty of authority as agent to sell certain land. From a judgment for plaintiff, defendant Hall appeals. Reversed, unless the plaintiff stipulate to modify.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

C. D. Rust, for appellant.
Fred L. Gross, for respondent.

MILLER, J. The facts in this case are simple, although they appear to be involved because of the method of presentation. Richard R. La Bau, Frank Alvin La Bau, and Alice J. La Bau Barker were the owners of certain real property as tenants in common. Richard had a power of attorney from his co-tenants to sell the property. He employed the defendant as a broker. The latter made a contract with the plaintiff's assignor in the name of Richard R. La Bau, executor of the estate of J. H. and Mary La Bau, to sell the property for the sum of $7,500, and received a payment of $200. Said Richard was not the executor of said J. H. or Mary. Subsequently Richard, for himself individually and as attorney for his co-tenants, conveyed the property to one Graff. Thereafter the attorney for said Graff informed the defendant that he, the defendant, had no authority to make any such contract as he had made with the plaintiff's assignor, and, upon the request of the defendant, procured said Graff to sign in duplicate a contract to convey the property to the plaintiff's assignor for said sum of $7,500, and left the same with the defendant for him to have executed by the purchaser, which he neglected to have done. The plaintiff, as assignee of the contract made with the defendant, demanded of Graff

a deed pursuant to said contract, which the latter refused to make, but offered to deliver a deed upon the payment of said sum of $7,500. The plaintiff then brought an action in the Supreme Court against said Graff to compel specific performance of the contract made with the defendant. She was defeated in that action, and a judgment for $250 costs was rendered against her. She then brought this' action to recover damages on the defendant's warranty of authority as agent, and has obtained a judgment for the $200 paid the defendant and for the $250 costs awarded against her in the action in the Supreme Court.

The appellant claims that the court erred in excluding the letters written by said Richard R. La Bau to him which he claims would have proven his authority to sell the property. The letters are not in the record, but counsel in offering them distinctly stated that they were offered simply to show the employment of the defendant as a broker to sell. Undoubtedly a broker may be given authority to contract, but the mere employment of a broker as such only authorizes him to act as an intermediary to bring the parties together. It was conceded that the defendant was employed as a broker, and, as counsel stated that the letters were offered simply to show that fact, it was not error to exclude them. Moreover, the contract made by the defendant did not bind the owners of the property. It was made in the name of an executor who had no existence. It is elementary that an agent who assumes to contract for a principal must make a contract binding upon some principal, or else he himself is bound.

Upon the evidence, the plaintiff was entitled to recover, but she was not entitled to recover the costs incurred in the Supreme Court action. She knew when that action was brought who owned the property at the time the defendant undertook to contract for its conveyance, because her complaint alleged who the owners were. She knew that the contract made by the defendant was worthless and she could not prosecute a hopeless action, and thereby increase her damages. Moreover, she could have obtained a deed by paying the full amount of the purchase price, thereby limiting her damages to the sum of $200.

The judgment should be reversed, unless the plaintiff stipulate to modify it. accordingly.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, unless within 20 days plaintiff stipulate to reduce the recovery to the sum of $200, in which event the judgment as reduced is affirmed, without costs of this appeal. All concur.