### LUCKES v. MESEROLE.

(Supreme Court, Appellate Division, Second Department.  April 23, 1909.)

1. PRINCIPAL AND AGENT (§ 155*)—LIABILITY OF AGENT—UNAUTHORIZED WARRANTY.

A buyer of goods can recover from the agent of a disclosed principal for breach of an unauthorized warranty.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 579–582;  Dec. Dig. § 155.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Sales (§ 178\*)—Delivery—Acceptance.**

Delivery of mortar sold was not equivalent to an acceptance thereof, so as to show no consideration for a warranty thereafter made.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 451; Dec. Dig. § 178.\*]

Appeal from Trial Term, Kings County.

Action by Gus Luckes against Archibald K. Meserole. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

William L. Stone, for appellant.

J. Power Donellan, for respondent.

RICH, J. The plaintiff is a contractor, and, while engaged in the erection of some buildings, purchased of one William H. Meserole, for whom the defendant was acting as sales agent, a quantity of patent mortar for use upon such buildings. He testified that, in answer to the inquiry of the defendant as to what kind he wanted, he answered, "Any kind, as long as it is good." Defendant then informed him that he could furnish two kinds, rock wall or Rockland Rockport Lime Company, but later told him he could not furnish the rock wall, but could furnish the other, which was just as good, 25 cents cheaper, to which plaintiff responded, "All right, as long as it is good stuff, and you will guarantee the stuff, I will take it," to which respondent replied, "Sure, everything I give you is good." Upon inspecting the mortar upon delivery, its color led the plaintiff to think that there was something wrong about it, and that it might be of an unfit quality for his purpose, and so informed defendant, to which he replied: "Never mind; that stuff is good. It comes from a very good firm. \* \* \* That stuff was guaranteed to us, and we guarantee it to you." Plaintiff's foreman, testifying to this conversation, says the defendant said: "You go ahead and use it. The firm is responsible for this stuff, and we are responsible to you." Relying upon this warranty, the plaintiff accepted and used the mortar, which proved to be worthless, and had to be removed from the walls and replaced with other mortar, and the plaintiff seeks to recover the moneys expended in making the change in this action.

Plaintiff first asserted his claim against William H. Meserole, who repudiated the act of the defendant in making the warranty, and the complaint was dismissed upon the ground of a failure to establish express authority in the sales agent to make such a warranty, or that such warranty was customary in the trade. He then brought this action against the agent, alleging, first, the warranty, and that it was made by defendant in his individual capacity, and that the defendant had no authority to make the warranty in behalf of his principal. The learned trial justice dismissed the complaint upon the ground that the plaintiff was dealing with the agent of a disclosed principal, that the repudiation by the principal of the unauthorized warranty of his agent was immaterial, and that the plaintiff's cause of action was based upon

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a warranty made after the sale and delivery of the mortar, for which no consideration was proven, and hence there was no binding warranty as against the defendant. In these conclusions I think he was in error. Taylor v. Nostrand, 134 N. Y. 108, 31 N. E. 246, is a direct authority sustaining the plaintiff's contention of his right to maintain this action. Delivery of the mortar was not the equivalent of acceptance, and the evidence establishes that there was no acceptance until after the guaranty sued upon. In James v. Libby, McNeil & Libby, 103 App. Div. 256, 92 N. Y. Supp. 1047, a case very similar to the one at bar, in which the objection was made that there was no consideration for the agreement, which was made after the goods purchased had arrived at the dock in New York, it was held that the later agreement rested upon a sufficient consideration and was enforceable.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.