PATRICK T. FITZGERALD, Respondent, *v.* SHERRILL SHERMAN, Appellant.

Fourth Department, November 14, 1923.

**Vendor and purchaser — action by vendor for conversion of buildings on premises — vendor alleged that real estate agent agreed that he could have buildings — deed contained no reservation — vendee had no knowledge of agreement — agreement of agent not binding on vendee — evidence that agent had acted, for vendee in other transactions erroneously received.**

In an action for the conversion of buildings on land sold by the plaintiff to the defendant based on an alleged agreement by the real estate agent conducting the sale that the plaintiff was to have the right to remove the buildings, the evidence does not establish any authority on the part of the agent to bind the defendant by a stipulation or reservation relating to the buildings, and inasmuch as no reservation was made in the deed and the defendant had no knowledge whatever of the alleged agreement until the plaintiff demanded possession, the buildings passed with the land to the defendant.

It was error for the court to admit in evidence proof that the agent acted for the defendant in the purchase of other parcels of land.

DAVIS, J., dissents, with opinion.

APPEAL by the defendant, Sherrill Sherman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 26th day of March, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of March, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Sherrill Babcock,* for the appellant.

*Edward Smith,* for the respondent.

SEARS, J.:

The plaintiff has recovered judgment for the conversion of certain buildings which stood upon a parcel of land in the city of Utica which the plaintiff had conveyed to the defendant. The transaction relating to the purchase and sale of this property was conducted through a real estate broker named Hone, and the plaintiff's claim is founded upon an agreement which he made with Hone of which a memorandum was made by Hone as follows:

"FRED S. HONE
"Real Estate Agent
"City National Bank Building,
"UTICA, NEW YORK, *January* 5, 1920.

"Patrick T. Fitzgerald is to have the old Buildings, when they are to be torn down, on the Elizabeth St. Property, sold to Sherrill Sherman.                           FRED S. HONE,
"*Agent.*"

To sustain the judgment, the evidence must show that Hone had authority to make this arrangement for the defendant.

The transactions relating to the sale of the property were these: Hone being in the real estate business, heard that the defendant was looking for certain property to buy for an automobile station; he met the plaintiff on the street and asked him whether he would sell the property on which the buildings stood. Receiving an affirmative answer to this inquiry, Hone had one or more further interviews with the plaintiff. In the course of these, the plaintiff stated that he held the property for $15,000 and Hone suggested that he ask $15,500 for the property so that Hone could have a $500 commission out of the purchase price. So far, nothing was said about the plaintiff reserving the buildings. Hone also had interviews with the defendant in the course of which Hone communicated to the defendant the fact that the plaintiff would sell the property for $15,500 and defendant told Hone that he would purchase the property in question. After this Hone communicated to the plaintiff the fact that the defendant would purchase the property at the price mentioned, and Hone himself advanced out of his own funds $100 which he paid to the plaintiff on account of the purchase price.

The arrangement in respect to the buildings referred to above, of which the written memorandum was made, was arrived at in the course of an interview between the plaintiff and Hone which Hone says was subsequent to the time that the deposit was made and sale agreed upon. The plaintiff himself testifies that he is unable to say whether this paper was signed and the arrangement made on the same day that he received the first payment or not. A few days later the parties met in Hone's office and a deed of the property was executed by the plaintiff and delivered to the defendant. The deed contained no reservation of the buildings, and it was not until months afterwards that the defendant learned of the promise made by Hone. This knowledge came to him when the plaintiff demanded possession of the buildings, and the defendant thereupon told the plaintiff that his demand was the first intimation he had had of any claim of the plaintiff in respect to

them. The defendant refused to allow the plaintiff to have the buildings, having already sold them to third parties.

These circumstances fall far short of establishing authority on the part of Hone to bind the defendant by any stipulation or reservation relating to the buildings. Hone was a real estate agent, a real estate broker. No act or word of the defendant came to the knowledge of the plaintiff as to the character of any agency of Hone for the defendant, except from the statement and acts of Hone himself. No statement or act of Hone, as the court correctly charged, could broaden the scope of the authority which he had actually received. (*Edwards* v. *Dooley*, 120 N. Y. 540.) The only authority he had received from the defendant, if in fact he had received any at all, was to act as an ordinary real estate broker in the purchase of this particular property from the plaintiff. That is, to bring the minds of the parties together and transmit from each to the other their respective offers. Such authority implies no power to enter into a contract on behalf of the broker's principal. (*Rowland* v. *Hall*, 121 App. Div. 459; *Rowan* v. *Hyatt*, 45 N. Y. 138.) The promise of Hone in respect to the buildings was, therefore, unauthorized when made and without effect so far as the defendant was concerned. The acceptance of the deed and the payment of the money was all that was done by the defendant after this. When the deed was passed, the defendant was still without knowledge of Hone's arrangement with the plaintiff concerning the buildings. Without knowledge there can be no ratification. (*Rowan* v. *Hyatt, supra; Central City Savings Bank* v. *Walker*, 66 N. Y. 424; *Dunning* v. *County of Orange*, 139 App. Div. 249; affd., 204 N. Y. 647.)

The proof that Hone acted for the defendant in the purchase of other parcels was not probative of any authority as to this transaction, and was erroneously received. (*Gubelman* v. *Koch, Inc.*, 234 N. Y. 425.)

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur, except DAVIS, J., who dissents in an opinion.

DAVIS, J. (dissenting):

My disagreement with the prevailing opinion arises not in the statement of legal principles, but in the facts as disclosed by the evidence.

Hone was by occupation a real estate agent or broker. Ordinarily he would have limited authority. (*Stone* v. *U. S. Title Guaranty & Indemnity Co.*, 159 App. Div. 679; affd., 217 N. Y. 656; 9 C. J. 525.) But there is no reason why Sherman could

not have clothed him with greater authority or held him out as his agent with such authority.

There were no written instructions. Sherman wanted a parcel of land upon which to erect an automobile station and sales room. Hone called this property in question and other adjacent lands to the attention of Sherman as a suitable site. He then undertook to conduct negotiations for their purchase. What actual oral instructions Sherman gave him is not clear. What he did was to agree with the various owners on a price and make a payment by his own check. This Sherman regarded as his own payment made by himself as purchaser, and understood that he purchased them " by making this deposit." He ratified the bargains made by Hone, by taking deeds and paying the purchase price Hone had negotiated. .

Plaintiff wanted to reserve an old, dilapidated building on the premises that was to be torn down to build the garage. He saw Hone about it. He never saw Sherman during the entire transaction. It does not appear clearly whether or not the $100 check to bind the bargain had been paid over at that time. The check was not offered in evidence. Defendant's evidence was that the old building was worth about $50. Hone agreed that plaintiff should have it. The parties by their own agreement or that of an authorized agent, might by convention impress the old building with the character of personalty, and agree that the plaintiff might remove it, even after the deed had passed. (*Tyson* v. *Post*, 108 N. Y. 217.) The evidence is clear that the agreement relied on was made before the deed was passed. There is evidence also that defendant learned plaintiff wanted the building shortly after the deed passed. If Hone's power to purchase was general, he had implied authority to do what was necessary in arranging the details of the purchase, such as permitting reservation of an old building of no use to the owner. (*Schley* v. *Fryer*, 100 N. Y. 71; 2 C. J. 588.)

The question is, did Hone have authority to make the agreement. There was little direct proof of his actual instructions. But the fact of agency may be established by circumstantial evidence. (*Matter of Zinke*, 90 Hun, 127; *Olcott* v. *Tioga R. R. Co.*, 27 N. Y. 546, 560; 2 C. J. 944.) It was left for the jury to determine the extent of Hone's authority largely from the circumstances and inferences fairly to be drawn therefrom. They decided in favor of plaintiff. The evidence may not be strong, but in the absence of positive testimony by defendant as to the nature and extent of the instructions given, I think it sufficient.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event.