HOWARD D. BAILEY et al., Respondents, *v.* DAVID F. BUTCHER et al., Appellants.

**Attorney and client — contract of employment — action to recover for services alleged to have been performed by attorneys as counsel at the request of defendants, another firm of attorneys — evidence — burden of proof — erroneous charge that burden of proof was not upon plaintiffs to prove such contract, but with defendants to disprove it.**

1. Upon the trial of an action for services alleged to have been rendered as attorneys to another firm of attorneys at their request, the judge told the jury that the only theory on which the plaintiffs could recover was that defendants had assumed to bind their principals and had failed and that the burden was not upon the plaintiffs to prove the failure but upon the defendants to disprove it.   This was error, the complaint was not for breach of warranty of authority. It was for services rendered at the defendants' request.

2. Plaintiffs represented, as attorneys, an insurance company which had issued a policy protecting the insured against liability for accidents up to a specified amount.   Defendants represented, as attorneys, another insurance company which had written a policy for any excess over the amount to be paid by the primary insurer.   There was an accident for which the injured party brought an action.   The primary insurer assumed the defense thereof with plaintiffs as its attorneys.

# 324 BAILEY v. BUTCHER.

The injured party recovered a judgment for an amount in excess of the primary policy. An appeal therefrom was ordered by the primary insurer and defendants learning that there was a prospect of settlement wrote to plaintiffs inquiring about the situation and asking plaintiff, what they would recommend. The upshot was the negotiation by the plaintiffs of a settlement in pursuance of which the primary insurer, plaintiffs' client, paid the amount of its policy and the secondary insurer, defendants' client, paid the balance. An examination of the correspondence between plaintiffs and defendants regarding the negotiation of the settlement discloses nothing that would justify the inference that plaintiffs were employed as counsel for defendants, but viewed as a whole there is found not a contract of employment but co-operation between attorneys, representing different parties, who had a common interest in a lawsuit.

Bailey v. Butcher, 210 App. Div. 812, reversed.

(Argued May 6, 1925; decided June 2, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 21, 1924, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict.

*William O. Gennert* and *George H. Bond* for appellants. The trial court erred in refusing to construe the correspondence, which was the sole communication between the parties; and it further erred in submitting this correspondence to the jury for its interpretation. (*White* v. *Hoyt*, 73 N. Y. 505; *Brady* v. *Cassidy*, 104 N. Y. 147; *Martin* v. *Crumb*, 216 N. Y. 500.) The trial court erred in charging the jury that the burden of proof was on the defendants to show their authority to act for Lloyd's. (*Fulton* v. *Sewall*, 116 App. Div. 744; *Baltzen* v. *Nicolay*, 53 N. Y. 467; *Dung* v. *Parker*, 52 N. Y. 494; *White* v. *Madison*, 26 N. Y. 117; *Luckes* v. *Meserole*, 132 App. Div. 20; *Dillon* v. *Watson*, 92 N. W. Rep. 156; *Lahcen* v. *Gordon*, 127 App. Div. 140; *Covell* v. *Hart*, 14 Hun, 252; *Riley* v. *Tull*, 186 App. Div. 805; *Judson* v. *Gray*, 11 N. Y. 408.)

*Merwin W. Lay* and *Herbert L. Smith* for respondents. There is sufficient evidence in the record to justify sub-

mitting the question of a contract to the jury and to sustain the verdict of the jury. (*Sheehan* v. *Erby,* 103 App. Div. 7; *Wiley* v. *Goodsell,* 3 App. Div. 452; *Crane* v. *Genung,* 89 App. Div. 398.) There was no error in the main body of the charge, nor in the charge in response to requests regarding the correspondence. (*White* v. *Hoyt,* 73 N. Y. 505; *Braxton* v. *Mendelson,* 233 N. Y. 122.) .

CARDOZO, J. Plaintiffs, a firm of lawyers practicing in the city of Syracuse, bring this action against the defendants, a firm of lawyers practicing in the city of New York, for services alleged to have been performed upon the defendants' retainer.

Plaintiffs' firm represented the Travelers Insurance Company which had issued a policy of insurance to the American La France Fire Engine Company, covering liability for accidents. This policy was in the sum of $10,000. Defendants' firm represented the Underwriters at Lloyd's, London, who had written a policy for the excess over the $10,000 that was to be paid by the Travelers Insurance Company as primary insurer. One Leiter sued the assured company, first in West Virginia and afterwards, when the earlier suit failed for lack of jurisdiction, in New York. This action was defended by the plaintiffs, the attorneys for the Travelers, the latter company as primary insurer having assumed the burden of the defense. Leiter recovered a judgment of $15,000, which the Travelers Company ordered its attorneys to appeal. At this point, the defendants learned that some settlement was in prospect. They wrote to the plaintiffs inquiring about the situation, and asking what the plaintiffs would recommend. The upshot was the negotiation by the plaintiffs of a settlement for $11,000 and costs, of which the primary insurer paid $10,000 and costs, and the defendants' clients paid $1,000. The plaintiffs thereupon sent a bill for $500 to

the defendants on the theory that the latter had retained them as counsel. Upon the defendants' disclaimer of liability, there ensued a litigation, .which resulted in a verdict in favor of the plaintiffs. The Appellate Division unanimously affirmed.

The case was submitted to the jury upon an erroneous and misleading theory. The complaint was not for breach of warranty of authority. It was for services rendered at the defendants' request. Despite this, the judge told the jury that the only theory on which the plaintiffs could recover was that defendants had assumed to bind their principals and failed. In so ruling, he substituted a new cause of action for the one stated in the pleadings and litigated upon the trial. After thus submitting the case to the jury on the erroneous theory of a failure of authority, he told them that the burden was not upon the plaintiffs to prove the failure, but upon the defendants to disprove it. This was clearly error (*White* v. *Madison*, 26 N. Y. 117; *Taylor* v. *Nostrand*, 134 N. Y. 108; 1 Mechem on Agency [2d ed.], §§ 1395–1398).

The foregoing rulings, having been challenged by appropriate exceptions, are open to review in this court, and require a reversal of the judgment. We are precluded by the unanimous affirmance at the Appellate Division from basing our reversal upon the refusal to direct a verdict (Const., art. VI, § 9). None the less, since a new trial will be necessary, we think it is our duty for the guidance of the trial court to interpret the letters which make out the employment, if employment there was. We find nothing in any of them to justify the inference that the plaintiffs were retained as counsel either by the defendants or by the defendants' clients. The first letter of the series is dated July 12, 1922. The defendants there say: " We are the attorneys for the Underwriters at Lloyd's, London, with whom the above named assured carried a policy for the excess of the policy carried with the Travelers Insurance Company.

We understand that you are the attorney for the Travelers, and the attorney of record for the defendant in the above entitled action." The defendants write thus as attorneys for a named principal, and address the plaintiffs as already the attorneys for the Travelers, and not as counsel whom they desire to retain for themselves. The letter concludes: " We understand that the plaintiff has made a proposition of settlement for $13,500, and that you are considering making a counter offer. We should be glad to take this matter up with you at any time."

We turn to the answering letter, and nothing in it suggests that the exchange of views between the attorneys is to go forward on a different footing. The writer points out the slim chance of success upon appeal, and concludes: " I have a letter from the Travelers Insurance Company home office dated the 19th suggesting that the question of settlement is one primarily for discussion between your office and the writer, so that I shall be awaiting an early reply giving me your opinion as to what we should do." Again the implication is that the plaintiffs are acting as the representative of their own company, and not as counsel for defendants.

We should expand this opinion without profit by a statement and analysis of the letters of later date. It is enough to say of them that they maintain the same tone. In one, the plaintiffs do indeed say that if a trip to West Virginia becomes necessary in the negotiation of the settlement, the expense will be chargeable to defendant's clients. The trip was not made, and the insistence upon compensation for a service which was thought to be special or unusual was by implication an exclusion of a charge for anything else.

Viewing the correspondence as a whole, we find in it, not a contract of employment, but co-operation between attorneys who had a common interest in a lawsuit. True, of course, it is that the Travelers Insurance Company had little, if anything, at stake for itself, apart from its

interest in avoiding the expense of an appeal, when once its own limit of liability, $10,000, had been passed. None the less, it had undertaken the conduct of the defense, and it owed a duty to the assured to reduce the verdict if it could. The plaintiffs did no more in their ensuing treaties for a settlement than fealty to their own client required them to do.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Judgments reversed, etc.