ALEXANDER WEISS and Another, Appellants, *v.* CHARLES BAUM, Respondent.

Second Department, October 15, 1926.

Vendor and purchaser — action for specific performance — defendant acted as agent in signing contract for corporation to be organized — corporation was not organized and present action is against defendant personally — facts were known to plaintiff at time contract was signed — contract contains nothing binding defendant — action cannot be maintained against defendant individually — remedy, if any, is action for damages for fraudulent representation by defendant of his power to act.

An action to compel the specific performance of a land contract which was executed in the name of a corporation by the defendant cannot be maintained against the defendant individually, where it appears that the plaintiff knew

at the time the contract was executed that the corporation named in the contract was to be formed, and that the defendant was acting merely as agent for the corporation and was not bound individually by the terms of the contract.

If the plaintiff has any remedy, it is an action at law to recover damages from the defendant based on his alleged fraudulent representation that he had the power to act for the corporation and on the fact that in executing the contract he acted fraudulently, knowing at the time that the corporation was not to be formed.

Young, J., dissents.

Appeal by the plaintiffs, Alexander Weiss and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 27th day of March, 1926, granting defendant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice and for an order dismissing the complaint upon the ground that it does not set forth facts sufficient to constitute a cause of action, and also from a judgment entered in said clerk's office on the 29th day of March, 1926, in pursuance of said order.

*Alex. B. Greenberg* [*Morris Alfred Vogel* and *Raphael P. Russakow* with him on the brief], for the appellants.

*Meier Steinbrink* [*Harold M. Kennedy* and *Modie Harris* with him on the brief], for the respondent.

Kapper, J. The action is for specific performance of a written contract for the sale of real estate. The parties to the contract are recited therein at its outset, as follows:

" Agreement, made and dated August 5th, 1925, between Alexander Weiss and Emanuel Weinberg of Long Beach, L. I., hereinafter described as the seller, and Ruth Realty Corporation of No. 226 West 37th Street, New York City, hereinafter described as the purchaser."

From and after such recital the contract proceeds in the form usual in sales of real property, and closes with the signatures, as per the following statement:

" Witness the signatures and seals of the above parties.
                        " ALEX WEISS                [L.S.]
                        " EMANUEL WEINBERG    [L.S.]
                        " RUTH REALTY CORP.
                                " by Charles Baum    [L.S.] "

The plaintiffs now seek to hold the defendant Baum as the real vendee, demanding judgment against him that he specifically

perform the contract.   The complaint alleges: " That prior to the execution of the said contract, the defendant stated to the plaintiffs that he desired to enter into and execute the said contract and to take title to the said property in the name of Ruth Realty Corporation."   This is coupled with the further allegation that the defendant Baum stated and represented to the plaintiffs " that the said Ruth Realty Corporation was then being formed by him and that it was then in the process of incorporation by him under the Laws of the State of New York."   It is further alleged that defendant committed a fraud by stating and representing to the plaintiffs that the Ruth Realty Corporation was then being formed by him and that it was then in process of incorporation, the fact being, according to the allegations, that no such corporation was ever " in the process of incorporation," and that the defendant was moved by a fraudulent purpose in such statements and representations " to the end that the defendant might avail himself of the benefits of the said contract so as to be enabled thereby to speculate with and sell and dispose of his right, title and interest in and to said contract at a large profit prior to the day of closing, and also with the intent to default on the day of closing without becoming personally liable for such default under said contract in the event of the defendant being unable to so dispose of his right, title and interest in and to said contract and in and to the property therein described."

The learned Special Term held that the action for specific performance of this contract as though made with the defendant individually may not be maintained, and in reaching this conclusion I think the learned court correctly decided the case.

The proposition presented here does not appear to have been decided in this State, but the principles involving the personal liability of one assuming to act as agent for a non-existent principal or claiming a power of agency without authority, have been frequently set forth.   Speaking in a case where the defendant executed a note in the name of another without authority, Judge SELDEN, in *White* v. *Madison* (26 N. Y. 117, 122), pointed out that prior decisions in this State supporting such liability have been regarded by the courts as " substantially repudiated," adding: " If it were necessary, in disposing of the present case, to decide the question, whether, as a general principle, one entering into a contract in the name of another, without authority, is to be himself holden as a party to the contract, I should hesitate to affirm such a principle. By that rule courts would often make contracts for parties which neither intended nor would have consented to make."

In *Baltzen* v. *Nicolay* (53 N. Y. 467) it was sought to hold the

alleged agent for damages for breach of a contract for the sale of shares of corporate stock. It was said, *inter alia* (p. 469): " When an agent makes a contract beyond his authority, by which the principal is not bound, by reason of the fact that it was unauthorized, the agent is liable in damages to the person dealing with him upon the faith that he possessed the authority which he assumed. The ground and form of his liability in such a case has been the subject of discussion, and there are conflicting decisions upon the point; but the later and better considered opinion seems to be that his liability, when the contract is made in the name of his principal, rests upon an implied warranty of his authority to make it, and the remedy is by an action for its breach."

Cases involving the sale of goods and the performance of labor where the goods had been delivered or the work done rest upon an entirely different principle. In those cases the contract has been performed and nothing remains but to collect the price or value. In the present case there is no dispute as to the parties to the contract. The defendant Baum was not named as vendee, but a corporate vendee was specified. There was no mistake, either unilateral or mutual, and it seems to me that the contract was not that of the defendant, and that to substitute him as the vendee would be the making of a new contract. *Ogden* v. *Raymond* (22 Conn. 379, 385) contains the following clear statement of what I think is the ruling to be here applied, viz.: " It is not unfrequently laid down, as a rule of law, that, if an agent does not bind his principal, he binds himself; but this rule needs qualification, and cannot be said to be universally true or correct  *  *  *. If the form of the contract is such, that the agent personally covenants, and then adds his representative character, which he does not, in truth, sustain, his covenant remains personal and in force, and binds him, as an individual; but if the form of the contract is otherwise, and the language, when fairly interpreted, does not contain a personal undertaking or promise, he is not personally liable; for it is not his contract, and the law will not force it upon him. He may be liable, it is true, for tortious conduct, if he has knowingly or carelessly assumed to bind another, without authority; or, when making the contract, has concealed the true state of his authority, and falsely led others to repose in his authority; but, as we have said, he is not, of course, liable on the contract itself."

Likewise, appropriate and apt, is the ruling in *Belding* v. *Vaughan* (108 Ark. 69), viz.: " Where defendant executed a contract as agent to be binding upon a corporation for which he acted, when it came into existence, he is not personally liable on the contract,

where the corporation was never organized, and the plaintiffs knew that he was acting as agent for the corporation to be formed."

In *Fowle* v. *Kerchner* (87 N. C. 49) the defendants were sought to be held on a written contract to purchase a newspaper plant on behalf of a new company to be thereupon organized. In holding the defendants not liable, the court (pp. 58, 60) say: " It is too apparent that all parties with equal opportunities for information were inspired with confidence in the successful organization of the proposed company, and that they dealt with each other on the footing of this assurance; and that *their contract*, not contemplating a failure of the scheme, did not provide, and was not intended to provide, for such a state of affairs — and for the court, now to make it do so, would be to go outside of the intentions of the parties, and to make and not to interpret the contract. Neither do we feel at liberty, so plainly have the parties manifested their intentions, to vary this construction of the contract, because of the fact that the defendants had no principal capable of conferring upon them the authority to act as its agents — it being apparent, both from the pleadings and the proofs, that the plaintiffs had full knowledge of their want of authority. \* \* \* The general rule is that whenever a party assumes to act as agent for another, if he have no authority or if he exceed his authority, he will be held to be personally liable to the party with whom he deals, for the reason that by holding himself out as having authority, he misleads the other party into making the engagement. But this rule is founded upon the supposition, say the Court of Appeals of Kentucky in *Murray* v. *Carothers*, 1 Met. 71, that the want of authority is unknown to the other party, or if known, that the agent undertakes to guaranty a ratification of the act, and when the want of authority is known, and it is clear that the agent did not undertake to guaranty a ratification, it results that the agent is not personally bound."

In Mechem on Agency (1st ed. § 550) it is said: " The rule sometimes asserted that wherever the agent fails to create a right of action against his principal upon the contract, he makes himself liable thereon, cannot, therefore, be sustained as a general rule. The agent is only liable on the contract in those cases in which he has used apt words to bind himself, or has expressly pledged his personal responsibility, or in which the credit was given to him personally. It may be said that this rule will result in many cases in binding neither the assumed agent nor his alleged principal upon the contract. But if the other party fails to have a remedy either upon the contract itself, or upon the express or implied undertaking for authority, it will be in those cases in which he was

fully informed by the agent of the source and nature of the authority under which he assumed to act, and was put in a situation to determine for himself whether to rely upon it or not."

Again, in Clark & Skyles' Law of Agency (Vol. 2, § 567), speaking of the non-liability of an agent *on the contract,* unless there was an express warranty on his part to be bound, it was said: " This works no hardship on the third party because he is also in fault by not seeing to it that the contract is executed in a form sufficient to bind the party intended to be bound. Of course if the third party acting in good faith is induced to enter into the contract by some fraud on the part of the agent, *although the contract itself cannot be enforced against the principal or agent, the latter may be held liable for the fraud."* (Italics mine.)

Upon authority, therefore, it seems to be clear that an agent signing as such cannot be held specifically to perform a contract for the purchase of real estate where the fact of his assumption of the relation of agent was disclosed and there is nothing upon the face of the instrument to show that he intended to be personally bound by it. As was said in Story on Agency (§ 278): " The remedy for the misconduct of the agent must otherwise be by an action on the case."

*Tuccillo* v. *Pittelli* (127 N. Y. Supp. 314, App. Term, 1st Dept.), cited by the appellants, involved a contract for work which had been performed in part and recovery was allowed against the defendants individually who had represented themselves as a corporation where the fact was there never had been such a corporation. The theory of the decision was that the defendants were the beneficiaries of this work in which they had mutually engaged either as partners or joint venturers. The case is in line with the well-settled doctrine, already adverted to, that for merchandise sold and delivered, or work, labor and services performed, an agent for a sham or non-existent principal may be held personally for the value. An agent without authority or exceeding his authority in dealing with a third party may, undoubtedly, through some form of action, be compelled to respond therefor for loss occasioned by his act. But, as was said in *Taylor* v. *Nostrand* (134 N. Y. 108, 110), " the liability of the agent rests on the ground that he warrants his authority, not that the contract is to be deemed his own."

In *Rowland* v. *Hall* (121 App. Div. 459) the ruling was that when a broker employed to sell lands makes a contract of sale without authority in the name of an executor who had no existence the contract is not binding on his principal, but he himself *is liable for damages* sustained by the purchaser.

In *Mickles* v. *Atlantic Brokerage Co., Inc.* (209 App. Div. 182), the defendant corporation was sought to be held as a principal for damages suffered by plaintiffs because of defendant's alleged breach of an implied warranty to deliver two carloads of grapes. The defendant claimed to be acting merely as agent as to the fact of which it was urged that the plaintiff had full knowledge. It was said (p. 183): " The plaintiffs invoke the principle of law which gives one a right of action against an agent who assumes to make a contract on behalf of his principal, which he in fact is not authorized to make. The basis of such action is a breach of an implied warranty of authority. (*Baltzen* v. *Nicolay,* 53 N. Y. 467; *Simmons* v. *More,* 100 id. 140.) To the general rule giving such right of action there is an exception, to the effect that an agent cannot be held liable if he fully discloses to the person with whom he is dealing the limitations upon his authority, and discloses all the facts and circumstances with reference to the authority under which he assumes to act. (*White* v. *Madison,* 26 N. Y. 117; *Taylor* v. *Nostrand,* 134 id. 108.) "

Further reference to reported cases does not seem called for. I am satisfied that the complaint here attacked for insufficiency does not charge the defendant Baum as the vendee in this contract, and that he cannot be substituted as defendant and the named vendee ignored. This does not leave the plaintiffs remediless, for if their allegations of fraud are supportable by proof, the remedy is clearly pointed out in the numerous authorities referred to.

I advise that the order dismissing the plaintiffs' complaint, and the judgment entered thereon, be affirmed, with costs.

MANNING and LAZANSKY, JJ., concur; KELLY, P. J., concurs in result, being of opinion that the complaint alleges a fraudulent scheme on the part of defendant for his personal gain; that if the plaintiffs' allegations are true, there was no contract; and while defendant may be liable for damages sustained by reason of the fraud, there cannot be specific performance of a contract which never was a contract; YOUNG, J., dissents.

Order dismissing plaintiffs' complaint, and judgment entered thereon, affirmed, with costs.