Daniel E. Macken, J.
Plaintiff executed an offer to purchase real estate owned by the defendants Flow by an instrument signed ‘ ‘ Samuel C. Adamo in behalf of a corporation to be formed ’ \ He brings this action individually for specific performance of the contract. It is apparent that in so executing the contract, the plaintiff did not intend to be personally bound. The purchase price of the property was $11,000 all of which, with the exception of $660 representing the broker’s commission, was to be paid by a purchase-money mortgage. The reason for plaintiff’s apparent intention not to be personally bound seems clear.
The defendants Flow could not have enforced this contract against the plaintiff individually. (Weiss v. Baum, 218 App. Div. 83; 2 N. Y., Jur., Agency, § 287.) Lacking mutuality of obligation, plaintiff may not individually require the defendants to specifically perform. (Levin v. Dietz, 194 N. Y. 376.) The facts of the present case are to be distinguished from the situation in which one undertakes to make a contract in the name of a corporation which in fact is nonexistent. (Puro Filter Corp. of America v. Trembley, 266 App. Div. 750.)
It need not be pointed out that, had plaintiff intended to make a binding contract, he could easily have executed the contract, individually, reserving the right to assign the contract to a corporation to be formed without personal obligation on the mortgage to be given by such corporation.
The complaint contains a cause of action for damages against all the defendants, alleging that they conspired to deprive the *629 plaintiff of Ms benefits under the contract by causing the property to be conveyed to the defendant Harding prior to the closing date stipulated in the alleged contract. Plaintiff, not being a party to the contract, could not legally derive benefit from it. In fact, in my view, there never was a contract.
The motions are granted, but in view of the undue delay in making the motion, motion costs are not allowed.