OPINION OF THE COURT
Irving A. Green, J.
In a malpractice action, the defendant moves the court for an order substituting defendant’s counsel provided for him by his insurer by counsel of his own choosing. All *2 parties have consented to such substitution. The issue presented upon the motion is whether or not the outgoing counsel is entitled to a retaining lien upon the file conditioned upon the payment to such counsel, by the defendant insured, of claimed counsel fees and disbursements in the sum of $4,575.47. The defendant insured resists such claim for payment by him of counsel fees incurred by his insurer for the legal services rendered to him in this action by counsel of their own choice and retainer.
During the period of representation the insurance company ran into financial difficulty and according to substituted counsel informed them they were no longer responsible for defendant’s insurance coverage nor for payment of legal fees incurred in the defense of the action. Substituted counsel thereafter informed defendant that it would no longer be representing defendant and demanded that defendant pay to substituted counsel a legal fee as aforesaid for services rendered in the action.
Substituted counsel resists the demands of defendant to turn over the file relating to the underlying cause for which counsel was retained until payment of the fee for legal services which counsel demands.
Generally, upon asserting a retaining lien, outgoing counsel is entitled to a summary determination fixing the value of his services and the amount so fixed must be paid or otherwise secured before a turnover of the papers relating to the client’s case may be ordered (Yaron v Yaron, 58 AD2d 752; Matter of Tillman, 259 NY 133).
By its agreement the insurer undertook a contractual obligation to provide a defense to the defendant insured. (Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148.) Prior counsel was retained by the insurer in execution of its contractual duty. While retention of counsel, of course, benefited defendant, such a resulting benefit, in and of itself, does not render defendant responsible for payment of counsel fees. (Sadow v Poskin Realty Corp., 63 Misc 2d 499.) That one benefits from the services of an attorney does not necessarily create a contract of employment between the attorney and the one benefited. (Bailey v Butcher, 240 NY 323.)
While the court has found cases granting the insured the right to seek reimbursement for counsel fees from an *3 insurer when compelled to directly retain counsel because of an insurer defaulting in its obligation to do so (Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427), this court has not found any cases which impose on the insured the obligation to pay counsel who have contracted with the insurer to defend the action on the insured’s behalf.
Furthermore, it has been held that where the insured is permitted to choose counsel because of a conflict of interest on the part of the insurer, the insurer remains liable for the payment of the attorney’s fees. (Prashker v United States Guar. Co., 1 NY2d 584, 593.)
Counsel was retained by the insurer and it is to the insurer counsel must look for payment of its fee.
Since the defendant insured is not obligated to pay the fee of prior counsel retained by the insurer, there is no basis to assert and enforce a retaining lien against defendant.
Accordingly, within 10 days of the date of service upon the law firm of Meiselman, Farber, Stella & Eberz, P. C., of a copy of this order, with notice of its entry, said law firm shall turn over the. file in the above-captioned action to defendant’s new counsel, Steinberg and Kennedy, Esqs., of Suffern, New York.