*797 OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, Esqs. (hereinafter referred to as Wilson, Elser), the former attorneys of record for third-party defendants Curtis and Davis, Walter J. Rooney, Jr., Arthur Q. Davis and Nathaniel C. Curtis (hereinafter referred to as Curtis and Davis), for an order: (1) relieving them as attorneys for Curtis and Davis in the above-entitled action; (2) fixing the compensation and disbursements of said attorneys for services rendered by them herein to date; (3) requiring Curtis and Davis to pay said compensation and disbursements or provide a bond for same, before requiring said attorneys to deliver to Curtis and Davis all the papers and pleadings in the case; and (4) staying discovery in this case until said compensation is paid or a bond is provided and until all papers are delivered to Curtis and Davis.
The above-entitled action seeks damages incurred by the contractor, plaintiff E.W. Howell Co., under its contract with the defendant Facilities Development Corporation concerning construction of the Downstate Reception Center at the Fish-kill prison. The original action was commenced in May of 1980. Subsequently, in 1986, the Facilities Development Corporation commenced a third-party action against Turner Construction Company and Curtis and Davis for contribution and/ or indemnity. All of the facts were outlined in a prior decision of this court of December 28, 1987.
All of the parties have consented to a formal substitution of the Wilson, Elser law firm by the law firm of LePatner, Gainen & Block, Esqs., so that portion of the motion in which the Wilson, Elser law firm seeks to be relieved as attorneys for Curtis and Davis is moot. The issue presented upon the motion is whether the outgoing counsel (movant Wilson, Elser law firm) is entitled to a retaining lien upon the file, conditional upon the payment to said counsel by Curtis and Davis of claimed counsel fees and disbursements.
Third-party defendant Curtis and Davis contends that the Wilson, Elser law firm may not withhold its file because it has no right to a retaining lien against Curtis and Davis because Wilson, Elser was not retained by Curtis and Davis but by Northbrook Insurance Company (hereinafter referred to as Northbrook).
This court agrees with the contentions of third-party defen *798 dant Curtis and Davis. When the third-party action herein was commenced against Curtis and Davis in August of 1986, the former partners of Curtis and Davis forwarded the third-party complaint served on it to DMJM, an architectural firm which had acquired the Curtis and Davis partnership in May of 1978 (Curtis and Davis’ contractual obligations were assumed at that time by DMJM). The claim was then submitted to Northbrook, DMJM’s insurer, under a policy in which Curtis and Davis was an additional named insured.
One year after the commencement of this action, DMJM sent a letter to Curtis and Davis’ personal attorneys in which it disclaimed any responsibility to the former partners of Curtis and Davis with respect to this action. Furthermore, DMJM stated that it was the responsibility of Curtis and Davis’ former partners either to retain the Wilson, Elser law firm or to obtain counsel of its own choosing.
The insurer (Northbrook) undertook a contractual obligation to provide a defense to the third-party defendant Curtis and Davis. The Wilson, Elser law firm was retained by the insurer in execution of its duty to DMJM. While retention of counsel of course benefited Curtis and Davis, such a resulting benefit, in and of itself, does not render Curtis and Davis responsible for payment of counsel fees (Brenner v Miller, 121 Misc 2d 1; Sadow v Poskin Realty Corp., 63 Misc 2d 499).
The Wilson, Elser law firm was retained by Northbrook and it is to Northbrook it must look for payment of its legal fees. Since Curtis and Davis is not obligated to pay the fee of prior counsel retained by Northbrook, there is no basis to assert and enforce a retaining lien against said third-party defendant.
Accordingly, the motion is denied and within 10 days of service upon the law firm of Wilson, Elser of a copy of the order herein, with notice of entry thereon, said law firm shall turn over the file in the above-captioned action to the third-party defendant’s new counsel, LePatner, Gainen & Block.